Scott D. Stechman (SS-1803)
LEHMAN & EILEN LLP
50 Charles Lindbergh Blvd., Suite 505
Uniondale, New York 11553
(516) 222-0888

*Attorneys for Defendant AMX International, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CA, INC.,

        Plaintiff,    Civil Action No. 07 CV 9799(LTS)

   - against -

              <u>ANSWER AND JURY DEMAND</u>

AMX INTERNATIONAL, INC.,

        Defendant.
------------------------------------------------------------X

   Defendant AMX International, Inc. ("AMX"), by and through its counsel, Lehman & Eilen LLP, as and for its Answer to the Complaint of plaintiff CA, Inc. ("CA"), dated November 1, 2007 (the "Complaint"), alleges as follows:

   1.  Admits the allegations contained in paragraph "1" of the Complaint, except the first and last sentences of the paragraph. The first and last sentences of the paragraph set forth conclusions of law to which no response is required.

   2.  Denies the allegations contained in paragraph "2" of the Complaint.

   3.  Denies the allegations contained in paragraph "3" of the Complaint, and avers that the matter in controversy does not exceed $75,000.00, exclusive of interest and costs.

   4.  Denies the allegations contained in paragraph "4" of the Complaint, and avers that the Court does not have subject matter jurisdiction over this matter.

5. Denies the allegations contained in paragraph "5" of the Complaint, and avers the Court does not have ongoing jurisdiction over this matter insofar as the Negotiated Settlement Agreement dated July 11, 2005 (the "Settlement Agreement") has been fully enforced according to its terms. AMX respectfully refers the Court to the Settlement Agreement for its full and complete terms.

6. Denies the allegations contained in paragraph "6" of the Complaint, and avers that the Court does not have ongoing jurisdiction over this matter pursuant to the "So-Ordered" Stipulation and Order of Dismissal dated October 21, 2005 (the "So-Ordered" Stipulation and Order") insofar as the Settlement Agreement has been fully enforced according to its terms. AMX respectfully refers the Court to the "So Ordered" Stipulation and Order for its full and complete terms.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Admits the allegations contained in paragraph "8" of the Complaint.

9. Admits the allegations contained in paragraph "9" of the Complaint.

10. Admits the allegations contained in paragraph "10" of the Complaint.

11. Admits the allegations contained in paragraph "11" of the Complaint.

12. Admits the allegations contained in paragraph "12" of the Complaint.

13. Admits the allegations contained in paragraph "13" of the Complaint.

14. Admits the allegations contained in paragraph "14" of the Complaint.

15. Admits the allegations contained in paragraph "15" of the Complaint.

16. Admits the allegations contained in paragraph "16" of the Complaint.

17. Admits the allegations contained in paragraph "17" of the Complaint.

18. Admits the allegations contained in paragraph "18" of the Complaint.

19. Admits the allegations contained in paragraph "19" of the Complaint.

20. Admits the allegations contained in paragraph "20" of the Complaint.

21. Admits the allegations contained in paragraph "21" of the Complaint.

22. Admits the allegations contained in paragraph "22" of the Complaint.

### Responding to the First Claim for Relief

23. Defendant repeats and realleges the allegations contained in paragraphs "1" through "22" above, as if fully set forth herein at length.

24. Admits the allegations contained in paragraph "24" of the Complaint.

25. Admits the allegations contained in paragraph "25" of the Complaint.

26. Admits the allegations contained in paragraph "26" of the Complaint.

27. Admits the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint.

### Responding to the Second Claim for Relief

30. Defendant repeats and realleges the allegations contained in paragraphs "1" through "29" above, as if fully set forth herein at length.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

33. Denies the allegations contained in paragraph "33" of the Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

34. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

35. Plaintiff's claims are barred by the doctrines of *res judicata,* collateral estoppel and Plaintiff's prior election of remedies.

### Third Affirmative Defense

36. Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

37. Plaintiff's claims are barred by laches.

### Fifth Affirmative Defense

38. Plaintiff's claims are barred by its unclean hands.

### Sixth Affirmative Defense

39. Plaintiff's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

40. Plaintiff's claims are barred because it failed to mitigate its damages, if any.

### Eighth Affirmative Defense

41. Plaintiff's claims are barred because it has not suffered any damages.

### Nine Affirmative Defense

42. The Settlement Agreement contains no agreement regarding payment for use of the CA software products in violation of Sections 4b or 4c thereof. Therefore, AMX's failure to pay for the use of the software products is not a breach of the Settlement Agreement.

### Tenth Affirmative Defense

43. The Settlement Agreement provides the exclusive remedies for breach. These remedies provide for injunctive relief for violation or improper use of the CA software products. Monetary damages are not permitted for any misuse of the software products.

### Eleventh Affirmative Defense

44.     The misuse of the CA software products under the Settlement Agreement has been the subject of prior court action. An injunction has been issued pursuant to the Settlement Agreement and AMX has fully complied therewith. All issues related to enforcement of Sections 4b and 4c of the Settlement Agreement are *res judicata* or are barred by collateral estoppel.

### Twelfth Affirmative Defense

45.     In the prior action between the same parties, no money damages were awarded by the Court and no appeal has been taken. Accordingly, the right to damages under the Settlement Agreement, if any, has been waived and subsumed by the previous decision of the Court.

### Thirteenth Affirmative Defense

46.     The Settlement Agreement has been fully enforced in accordance with its terms so there is no ongoing jurisdiction for this Court.

### Fourteenth Affirmative Defense

47.     AMX received no economic benefit from the use of the CA software products that were allegedly used without permission from CA after September 1, 2006.

### Fifteenth Affirmative Defense

48.     No benefit has been conferred because AMX has not been allowed to license CA's software products on the same basis as other licensees, and AMX has been required to pay licensed users of the CA Cool:Gen product to service AMX clients. AMX does not bill its clients for any services provided through it to licensed Cool:Gen users.

WHEREFORE, defendant AMX International, Inc. demands judgment:

    (a)    dismissing the Complaint in its entirety;

    (b)    awarding it the reasonable attorneys' fees, costs and disbursements of defending this action; and

    (c)    granting such other and further relief as the Court deems just and proper.

### Jury Demand

Defendant respectfully requests trial by jury on all issues so triable.

Dated: Uniondale, New York
       November 28, 2007

LEHMAN & EILEN LLP

By: _____
    Scott D. Stechman (SS-1803)
50 Charles Lindbergh Blvd. - Suite 505
Uniondale, New York 11553
(516) 222-0888

*Attorneys for Defendant
AMX International, Inc.*

Michael D. Gaffney, Esq.
Winston V. Beard, Esq.
BEARD ST. CLAIR GAFFNEY
2105 Coronado Street
Idaho Falls, Idaho 83404
(208) 557-5203

*Counsel to Defendant
AMX International, Inc.*

TO:    John P. McEntee, Esq.
         FARRELL FRITZ, P.C.
         1320 RexCorp Plaza
         Uniondale, New York 11556-0120
         (516) 227-0700

         *Attorneys for Plaintiff
         CA, Inc.*

## AFFIDAVIT OF SERVICE BY MAIL

Karen Vitberg, being duly sworn, deposes and says:

I am over the age of eighteen years, not a party to this action and reside in West Babylon, New York. On the 28th day of November, 2007, I served a copy of the Answer and Jury Demand upon the following firm:

**FARRELL FRITZ P.C.**
Attn: John P. McEntee, Esq.
1320 RexCorp Plaza
Uniondale, New York 11556-0120
(516) 227-0700

*Attorneys for Plaintiff*
*CA, Inc.*

by depositing a true copy thereof securely enclosed in a post-paid wrapper in a Post Office box regularly maintained by the United States Government.

*Karen Vitberg*
KAREN VITBERG

Sworn to before me this
28th day of November, 2007

_____
Notary Public

Christy K. Grzan
Notary Public, State of New York
No. 01GR5074275
Qualified in Nassau County
Commission Expires June 4, 2011