UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CA, INC., :
 :
                                Plaintiff, : 2007-CV-9799 (LTS)
 :
       -against- : **PRELIMINARY**
 : **PRE-TRIAL STATEMENT**
AMX INTERNATIONAL, INC., :
 :
                             Defendant. :
------------------------------------------------------------------ X

       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order dated November 15, 2007, Plaintiff CA, Inc. ("CA") and Defendant AMX International Inc. ("AMX") submit this joint report concerning the following information:

**A.    The Nature of the Action**

       1.    CA's Statement:

       This is an action to recover money damages for AMX's use of computer software in violation of a settlement agreement. In that agreement, AMX promised to, among other things, discontinue its use of certain CA software, return the software and related materials to CA, and certify in writing its compliance with the agreement. AMX did not comply with the agreement. As a result, CA moved for (and was awarded) a permanent injunction directing AMX to delete all copies of the software and barring it from any further use of the software. CA now seeks to recover damages for AMX's use of the CA software in violation of the settlement agreement.

2.  AMX's Statement:

In July 2005, AMX and CA negotiated and entered into a written settlement agreement (the "Negotiated Settlement Agreement") in Case Number 2004-CV-09134 (LTS) (KNF). Pursuant to the Negotiated Settlement Agreement, AMX agreed to discontinue its use of specific CA software, return the software and related materials to CA, and certify in writing that it had complied with the agreement. CA moved for a permanent injunction and the court enjoined AMX's use of CA's software. CA now purports to commence a new action to recover money damages for AMX's limited use of the CA software in amounts far in excess of any benefit conferred on AMX.

The Negotiated Settlement Agreement does not require payment for use of CA's software products in violation of Sections 4b and 4c therein. AMX's failure to pay for the use of the software cannot constitute a breach of the Negotiated Settlement Agreement as it does not require payment for use. Therefore, AMX's position is that the Court should dismiss Count 1 of the Complaint as a matter of law and that any remedy that CA may have would be under Count 2 of the Complaint. Count 1 can be resolved by way of motion, briefing and argument without resorting to any discovery. Under Count 2 of the Complaint, the standard is the benefit conferred upon AMX, if any. Resolving Count 1 at the beginning of this action is important because any discovery under Count 2 would be narrower and simplify the case.

There are several affirmative defenses asserted by AMX. Among those affirmative defenses are *res judicata*, collateral estoppel, CA's prior election of remedies,

laches, waiver of claim, and absence of a benefit conferred. Moreover, the Negotiated Settlement Agreement provides the *exclusive* remedy of injunctive relief (not monetary damages) for violation and improper use of CA software products.

**B.     The Court's Jurisdiction**

    1.     CA's Statement:

        a.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

            i.     The matter in controversy exceeds $75,000, exclusive of interest and costs.

            ii.     There is diversity of citizenship between the parties, for CA is a Delaware corporation with its principal place of business in New York and AMX is an Idaho corporation with its principal place of business in Idaho.

        b.     This Court also has jurisdiction over the subject matter of this action pursuant to the Negotiated Settlement Agreements, dated as of July 11, 2005 and October 21, 2005, respectively, in which the parties stipulated that this Court shall have continuing jurisdiction to enforce the agreements.

2. AMX's Statement:

AMX disputes that the Court has subject matter jurisdiction and that the amount in controversy exceeds $75,000.00. AMX also disputes that the Court has ongoing jurisdiction over this matter because the Negotiated Settlement Agreement dated July 11, 2005 has been fully enforced according to its terms. AMX also disputes that the "So-Ordered" Stipulation and Order of Dismissal dated October 21, 2005 confers ongoing jurisdiction over this matter by the Court since the Negotiated Settlement Agreement has been fully enforced according to its terms.

C. **The Material Uncontested Facts**

1. CA's Statement:

   a. CA is a leading developer of business software. It, among other things, licenses its proprietary software and maintenance services to independent software vendors who, in turn, develop products incorporating CA's software for resale to end-users.

   b. AMX is a software consulting and services firm. AMX is an Idaho corporation with its principal place of business in Idaho Falls, Idaho. *See* Answer ¶ 8 (admitting this allegation).

   <u>The Underlying Action</u>

   c. In October 2004, CA commenced an action (the "Action") in this Court to enforce two software licensing agreements with AMX. *See id.* ¶ 9.

   d. These license agreements had allowed AMX to develop and distribute a computer software package incorporating certain CA software products in consideration for the payment of certain license fees to CA. *See id.* ¶ 10.

   e. In the Action, CA alleged AMX failed to pay CA certain fees required under the licensing agreements. *See id.* ¶ 11.

   f. In July 2005, the parties settled the Action pursuant to a written Negotiated Settlement Agreement. *See id.* ¶ 12.

   g. On October 24, 2005, the Court entered a Stipulation and Order of Dismissal (the "Order"), dismissing the Action pursuant to the terms of the Negotiated Settlement Agreement. *See id.* ¶ 13.

The Negotiated Settlement

   h. The Negotiated Settlement Agreement provides, among other things, that in consideration for AMX's timely payment to CA of four quarterly installments of twenty-five thousand ($25,000.00) dollars, AMX was permitted to continue to use certain CA software products (the "Permitted Products") until no later than June 1, 2006. *See id.* ¶ 14.

   i. AMX was required to return the Permitted Products to CA on or before June 1, 2006, and to certify to CA that AMX had (a) stopped all use of the Permitted Products; (b) deleted all copies of the Permitted Products from all computer libraries and storage devices; and (c) returned to CA all electronic media, documentation and other items relating to the Permitted Products. *See id.* ¶ 15.

  j. The Negotiated Settlement Agreement provided AMX with the option to extend its retention and use of the Permitted Products until no later than September 1, 2006, by tendering an additional payment of twenty-five thousand ($25,000.00) dollars on or before May 15, 2006 (the "Extension Payment"). *See id.* ¶ 16.

  k. In breach of the Negotiated Settlement Agreement, AMX refused to return the Permitted Products to CA by June 1, 2006, and continued to use some or all of the products without CA's permission and without payment to CA. *See id.* ¶ 17.

  l. On or about April 16, 2007, after repeated demands by CA that AMX discontinue its use of the Permitted Products, AMX made the Extension Payment to CA. *See id.* ¶ 18.

  m. AMX's use of the Permitted Products after September 1, 2006 was without CA's permission and without payment to CA. *See id.* ¶ 19.

## The Injunction

  n. On or about May 31, 2007, CA moved to enforce the Negotiated Settlement Agreement and to enjoin AMX from continuing to use the Permitted Products in violation of the Negotiated Settlement Agreement. *See id.* ¶ 20.

  o. By Decision and Order dated September 19, 2007, the Hon. Loretta Taylor Swain found that AMX had violated the Negotiated Settlement Agreement by continuing to use the Permitted Products and failing to return them to CA. Judge Swain accordingly granted CA an injunction, providing as follows:

> Defendant AMX shall be barred from all use of the "Permitted Products" (as defined by Paragraph 4.c of the

6

>   Settlement Agreement) within fifteen (15) days of entry of this order, and Defendant AMX shall delete all copies of the Permitted Products from all computer libraries and storage devices within fifteen (15) days of the entry of this order.

*See id.* ¶ 21.

    p.    On or about October 2, 2007, AMX filed a certification in the Action stating it was no longer using the Permitted Products. It, however, returned no materials to CA. *See id.* ¶ 22.

### The Breach of Contract

    q.    AMX failed to return the Permitted Products to CA on or before September 1, 2006. *See id.* ¶ 24.

    r.    AMX used, or had the ability to use, the Permitted Products continuously from September 1, 2006 to October 2, 2007 ("Unauthorized Use Period"). *See id.* ¶ 25.

    s.    AMX did not make any payment to CA for its use of, or its ability to use, the Permitted Products during the Unauthorized Use Period. *See id.* ¶ 26.

    t.    AMX's retention and use of the Permitted Products during the Unauthorized Use Period is a breach of the Negotiated Settlement Agreement. *See id.* ¶ 27.

    u.    CA has been damaged by AMX's retention and use of the Permitted Products in an amount to be determined at trial, but not less than $245,000, constituting

the retail value for the use of, or the right to use, the Permitted Products during the Unauthorized Use Period.

    2.    AMX's Statement:

        a.    AMX and CA entered into the Negotiated Settlement Agreement on July 11, 2005. The Negotiated Settlement Agreement was entered into with the intent to settle, fully resolve and dismiss with prejudice all claims and all issues raised by CA against AMX without further litigation or adjudication.

        b.    In the Negotiated Settlement Agreement, monetary damages are not available as a remedy for actions taken under paragraphs 4b and 4c. Injunctive relief is the exclusive remedy for breaches of paragraphs 4b and 4c.

        c.    CA filed a motion with the Court in Case Number 2004-CV-09134 for a permanent injunction. The Court has issued a permanent injunction in that case.

### D.    The Uncontested Legal Issues

    1.    CA's Statement:

        a.    Whether AMX breached the Negotiated Settlement Agreement when it retained and used the Permitted Products during the Unauthorized Use Period.

    2.    AMX's Statement:

        a.    There are no uncontested legal issues at this time.

E.  **The Undecided Legal Issues**

    1.  CA's Statement:

        a.  The amount CA has been damaged as a result of AMX's breach of the Negotiated Settlement Agreement.

    2.  AMX's Statement:

        a.  Whether this Court has subject matter jurisdiction over this suit?

        b.  Whether CA is barred from recovering monetary damages by the terms of the Negotiated Settlement Agreement, and the doctrines of *res judicata*, collateral estoppel, or prior election of remedies?

        c.  Whether CA can assert damage claims notwithstanding the contractual/settlement provisions of paragraphs 4b and 4c of the Negotiated Settlement Agreement? (*i.e.*, whether injunctive relief is CA's exclusive remedy?)

F.  **The Parties' Statement of Material Disputed Facts**

    1.  CA's Statement:

        a.  CA disputes any alleged fact that opposes the ones set forth in Part C.1.

    2.  AMX's Statement:

        a.  AMX did not breach the Negotiated Settlement Agreement.

        b.  CA is not entitled to monetary damages under paragraphs 4b and/or 4c, or any provision of the Negotiated Settlement Agreement.

　　　　c.　　AMX has not been unjustly enriched by any use of the Permitted Products.

　　　　d.　　CA is not entitled to monetary damages for any alleged misuse of the Permitted Products by AMX.

**G.　The Legal Basis for Each Claim**

　1.　CA's Statement:

　　　　a.　Claim one: Breach of Contract

　　　　　　i.　The legal basis for this claim is New York State law.

　　　　b.　Claim two: *Quantum Meruit*

　　　　　　i.　The legal basis for this claim is New York State law.

　2.　AMX's Statement:

　　　　a.　AMX has not alleged any counterclaims in this action against CA.

　　　　b.　AMX seeks its reasonable attorneys' fees, costs, and disbursements for defending this action.

**H.　The Legal Basis for Each Defense**

　1.　AMX's Statement:

　　　　a.　AMX's affirmative defenses are a mixture of New York common law, contractual, and equitable defenses:

　　　　　　i. The prior action subsumes the current action;

ii. The Negotiated Settlement Agreement contains no agreement for payment for use of CA's software products in violation of Sections 4b and 4c;

iii. The Negotiated Settlement Agreement provides the exclusive remedies for breach, *i.e.*, injunctive relief;

iv. The Negotiated Settlement Agreement has been fully enforced according to its terms;

v. *Res judicata*, collateral estoppel, and CA's prior election of remedies;

vi. Waiver;

vii. Laches;

viii. Unclean hands;

ix. Estoppel;

x. Absence of damages;

xi. Failure to mitigate damages, if any;

xii. AMX received no economic benefit from the use of CA's products as alleged by CA after September 1, 2006;

xiii. No benefit was conferred on AMX because AMX has not been allowed to license CA's software on the same basis as other licensees. AMX does not bill its clients for any services provided through it to licensed Cool:Gen users; and

xiv. Failure to state a claim.

I.  **The Burden of Proof**

    1.    CA's Statement:

        a.    CA bears the burden of proof on its claims.

        b.    AMX bears the burden of proof on its affirmative defenses.

    2.  AMX's Statement:

        a.    CA has the burden of proof on its claims.

        b.    AMX bears the burden of proof on its affirmative defenses.

J.  **The Amendment of Pleadings**

    1.    CA's Statement:

        a.    CA does not anticipate that it will need to amend its pleading. However, CA requests that all amendments of pleadings be made pursuant to the agreed discovery schedule set forth in Part M of this Report.

    2.    AMX's Statement:

        a.    AMX does not anticipate moving to amend its pleadings to add counterclaims or additional affirmative defenses.

K.  **The Trial by Magistrate Judge**

    1.    At this point in the proceedings, both parties do not consent to trial of this action by a magistrate judge.

**L.     The Initial Disclosures [Rule 26(f)(1)]**

1.      The parties agree that no changes are needed in the form or requirement for disclosures under Rule 26(a).

2.      The parties agree that disclosures under Rule 26(a) will be made no later than April 2, 2008.

**M.     The Discovery Plan [Rule 26(f)(2)]**

1.      The parties have discussed their discovery needs and have agreed to the following schedule:

| | |
|---|---|
| March 30, 2008 | Deadline for amendment of pleadings and joinder of additional parties |
| July 15, 2008 | Fact discovery cut-off date |
| August 15, 2008 | Expert reports due |
| September 15, 2008 | Rebuttal expert reports due |
| October 30, 2008 | Expert discovery cut-off date |
| November 30, 2008 | Deadline for dispositive motions |
| January 5, 2009 or as soon thereafter as is convenient for the Court | Pre-trial conference |
| January 19, 2009 or as soon thereafter as is convenient for the Court | Trial |

N.  **The Expert Evidence**

1. The parties agree expert evidence may be required and have set forth the proposed deadlines for expert discovery in Part M of this Report.

O.  **The Discovery Limitations [Rule 26(f)(3)]**

1. No changes to the presumptive discovery limitations are requested.

2. AMX requests that the provisions of Fed. R. Civ. P. 30(d)(2) be strictly applied and that the time limitations only be altered for good cause and by order of the court.

P.  **The Settlement Discussions**

1. CA's Statement:

The parties are currently not discussing settlement. It is CA's belief that such discussions will not be fruitful because AMX is not in a financial position to make the payments that will be required to settle this action.

2. AMX's Statement:

   a. There have been no settlement discussions.

Q.  **The Trial by Jury**

1. CA's Statement:

   a. CA has not demanded a trial by jury.

   b. CA expects that it will need approximately two days to present its case in chief.

    2.    AMX's Statement:

        a.    AMX has requested trial by jury on all issues triable to a jury.

        b.    AMX anticipates that this case will require two (2) full trial days. Because of the long travel distances required of AMX and its witnesses and counsel, and the need to make travel arrangements, AMX requests a firm setting of the trial date.

**R.    The Other Discovery Matters [Rule 26(f)(4)]**

    1.    The parties expect to reach agreement concerning a confidentiality stipulation that the parties will ask the Court to So Order.

    2.    AMX contends that Count 1 of the Complaint purely involves questions of law and that no discovery is necessary until the Court renders a ruling on that Count. However, if the Court is inclined to have the parties engage in discovery, it is submitted that the discovery schedule set forth in Section M be adopted.

    3.    AMX requests that Federal Rule of Civil Procedure 26(a)(2) be strictly applied with the exception that testimony taken in a deposition be deemed included in the expert report without further supplementation. AMX further requests that if a party chooses not to depose an expert, no additional opinions may be given outside the scope of the expert report unless the report is supplemented and the supplementing party explicitly agrees to allow additional discovery and rebuttal to the supplemented material.

4. The parties expect to reach agreement concerning a confidentiality stipulation that the parties will ask the Court to "So Order."

Dated: February 29, 2008

Respectfully submitted,

/s/
John P. McEntee (JM 4450)
David A. Scheffel (DS 4035)
FARRELL FRITZ, P.C.
Attorneys for Plaintiff
CA, INC.,
1320 RexCorp Plaza
Uniondale, NY 11556
Telephone: (516) 227-0700

Dated: February 29, 2008

Respectfully submitted,

/s/
Scott D. Stechman (SS 1803)
LEHMAN & EILEN LLP
50 Charles Lindbergh Blvd. - Suite 505
Uniondale, New York 11553
Telephone: (516) 222-0888
Attorneys for Defendant
AMX International, Inc.

FFDOCS1\789928.01