# EXHIBIT G

# Farrell Fritz, P.C.

1320 RexCorp Plaza
Uniondale, New York 11556-1320
Telephone 516.227.0700
Fax 516.227.0777
www.farrellfritz.com

**John P. McEntee**
Partner

Direct Dial 516.227.0608
Direct Fax 516.336.2219
jmcentee@farrellfritz.com

Our File No.
14197-138

June 30, 2008

**BY FEDEX**
Scott David Stechman
Lehman & Eilen, LLP
50 Charles Lindbergh Blvd.
Suite 505
Uniondale, New York 11553-3612

Re:   *CA, Inc. v. AMX Int'l, Inc.*
      **Docket No: 07-cv-9799 (LTS)**

Dear Scott:

I write to advise you, pursuant to Individual Practice Rule 2.B of the Hon. Loretta Taylor Swain, that Plaintiff intends to move for partial summary judgment on Defendant's liability for the claims asserted in this action.

Plaintiff commenced this action to recover money damages for Defendant's use of the Permitted Products[1] in violation of the Negotiated Settlement Agreement. The Negotiated Settlement Agreement permitted Defendant to use the Permitted Products until June 1, 2006, which was later extended to September 1, 2006. *See* Negotiated Settlement Agreement, ¶¶ 4.a, 4.c; *see also* Complaint, ¶¶ 16, 18. Defendant did not return the Permitted Products to Plaintiff by that date.

Rather, for the thirteen month period between September 1, 2006 and October 2, 2007 (the "Unauthorized Use Period"), Defendant continued to use the Permitted Products without the consent of, and without payment to, Plaintiff. Defendant admitted to this fact, which was conclusively established by Judge Swain's Decision and Order dated September 19, 2007. *See* Complaint, ¶ 21, Ex. "3" (hereinafter, the "Order"); *see also, e.g.* Affidavit of Jay Price, sworn to on July 16, 2007, submitted its opposition to Plaintiff's motion to enforce the Negotiated Settlement Agreement, ¶¶ 24-25 (admitting that Defendant continued to use the Permitted Products because it was "unable to transition three of [its] existing clients"); Defendant's Certification of Compliance with Court's Order Dated September 19, 2007, dated October 2, 2007.

---

[1] Capitalized terms used, but not otherwise defined, herein shall take the meaning ascribed to them in Plaintiff's Complaint dated November 1, 2007 (the "Complaint"). *See* Docket Index ("DI"), No. 1.

**Bridgehampton** • **Melville** • **New York** • **Uniondale**

Scott David Stechman
June 30, 2008
Page 2

The Order establishes, as a matter of law, that Defendant used the Permitted Products during the Unauthorized Use Period. *See* Order, p. 3. Thus, Defendant is now precluded from denying this fact. *See Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) ("The doctrine of collateral estoppel prevents a plaintiff from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding") (citation omitted). Defendant's unauthorized use of the Permitted Products during the Unauthorized Use Period was a breach of the Negotiated Settlement Agreement. *See, generally,* Order (rejecting Defendant's proffered excuses for non-performance of the Negotiated Settlement Agreement).

In an effort to avoid needless motion practice, we ask that you consent to the entry of an order granting Plaintiff summary judgment against Defendant on the issue of liability, leaving only the issue of damages to be decided. If we do not hear from you on this issue by <u>Wednesday, July 9, 2008</u>, we will file Plaintiff's motion for partial summary judgment, and advise the Court of Plaintiff's refusal to consent. See Individual Practice Rule 2.B.

Very truly yours,

John P. McEntee

JPM/
cc:   Michael A.S. Schoenberg, Esq.

FFDOCS1\812912.01

eceived at: 5:57PM, 7/9/2008

07/09/2008  17:43   5162220915          LEHMAN & EILEN LLP                PAGE 01/03

# LEHMAN & EILEN LLP
Attorneys at Law
Suite 505
50 Charles Lindbergh Boulevard
Uniondale, NY 11553-3600
Telephone No.: (516) 222-0888
Facsimile No.: (516) 222-0948

# FACSIMILE TRANSMITTAL

| Date: | July 9, 2008 |
|---|---|
| To: | John P. McEntee, Esq. |
| Facsimile No.: | (516) 227-0777 |
| From: | Scott D. Stechman, Esq. |
| Re: | CA, Inc. v. AMX International, Inc.<br>Civil Action No. 07 CV 9799 (LTS) |
| No. of Pages: | 3 (including cover page) |
| Comments: | Please see annexed. |



eceived at: 5:57PM, 7/9/2008

07/09/2008  17:43    5162220915                LEHMAN & EILEN LLP                    PAGE  02/03

# LEHMAN & EILEN
## —— LLP ——

ATTORNEYS AT LAW
SUITE 505
50 CHARLES LINDBERGH BOULEVARD
UNIONDALE, NEW YORK 11553-3612
www.lehmaneilen.com

TEL: (516) 222-0888
FAX: (516) 222-0948

BOB E. LEHMAN
HOWARD S. EILEN
HANK GRACIN

COUNSEL
SCOTT D. STECHMAN
LAWRENCE S. LEIBOWITZ

WRITER'S E-MAIL ADDRESS:
sstechman@lehmaneilen.com

STEPHANIE G. SENZER
LANCE P. CHABUS
STEVEN J. PAPPAS
DANIEL J. REISER
AUDRA T. LIEBERMAN

OF COUNSEL
RICHARD I. ALVAREZ
LESLIE MARLOW

July 9, 2008

**VIA FACSIMILE AND
OVERNIGHT DELIVERY**

John P. McEntee, Esq.
Farrell Fritz, P.C.
1320 RexCorp Plaza
Uniondale, NY 11556

      *Re:*   *CA, Inc. v. AMX Int'l, Inc.*
             *07 CV 9799 (LTS)(KNF)*

Dear John:

     I am writing to inform you that AMX intends to move for partial summary judgment as to CA's Count One as alleged in the complaint.

     As you are aware, the parties entered into a Negotiated Settlement Agreement (the "Agreement"). Paragraph 4c of that Agreement provides for CA's remedies in the event AMX breached its obligations as to the Permitted Products. The only remedy provided for in the Agreement is injunctive relief. CA has already moved for and obtained its relief in the previous action and is not entitled to money damages for any purported misuse of the Permitted Products by AMX. The contract upon which your client's suit is based simply does not provide the remedy that your client seeks.

     New York's election of remedies doctrine also bars your client's claim. If CA truly believes that it is entitled to money damages because of AMX's alleged misuse of the Permitted Products, it should have sought that relief in the prior action. Your client did not do so and by seeking only injunctive relief, it elected its remedy and is precluded from seeking monetary damages in the current action.

eceived at: 5:57PM, 7/9/2008

07/09/2008  17:43    5162220915                LEHMAN & EILEN LLP                PAGE  03/03

**LEHMAN & EILEN LLP**

John P. McEntee, Esq.
July 9, 2008
Page 2

Additionally, the doctrine of *res judicata* bars Count One from having any efficacy in the present action. All of the elements of *res judicata* are satisfied in this case. Judge Swain's previous order enforcing the Agreement and granting permanent injunctive relief precludes the relief sought in your current Count One.

Please note that AMS also seeks to avoid moving the Court for Summary Judgment on this issue. For the reasons articulated above, AMX requests that CA voluntarily withdraw or dismiss Count One. Please respond to this request by July 16, 2008. If we do not hear from you by that date, we will assume that CA has rejected our request and will proceed to file AMX's motion and inform the Court accordingly.

As to your request that we stipulate to entry of judgment, we must respectfully decline. First, as noted above, it is AMX's position that CA does not have a claim under Count One. Second, your client's failure to comply with the initial disclosure requirements of the Federal Rules of Civil Procedure prevents AMX from knowing the full scope of the potential damage calculation you intend to present to the Court, assuming CA is not barred by its prior election of remedies or *res judicata*. Under the circumstances, it would be patently irresponsible for me to recommend to AMX to agree to your request that AMX stipulate to entry of judgment under the terms you propose.

Finally, by way of courtesy and information, given the apparent direction of this litigation, I will be filing the appropriate papers to have Mike Gaffney admitted *pro hac vice*. Thank you for your courtesy in agreeing not to object to the *pro hac vice* application.

Very truly yours,

Scott D. Stechman

SDS:kv

cc: Michael Gaffney, Esq. (via electronic mail)