UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CA, INC.,                                              :
                                                       :   07-Civ.-9799 (LTS)
                                        Plaintiff,     :
                                                       :
         -against-                                     :
                                                       :
AMX INTERNATIONAL, INC.,                               :
                                                       :
                                        Defendant.     :
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FARRELL FRITZ, P.C.
*Attorneys for Plaintiff*
1320 RexCorp Plaza
Uniondale, New York  11556-0120
(516) 227-0700

Of Counsel:

    John P. McEntee
    Michael A.H. Schoenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CA, INC.,                                                    :
                                                             :
                                    Plaintiff,               :    07-Civ.-9799 (LTS)
                                                             :
        -against-                                            :
                                                             :
AMX INTERNATIONAL, INC.,                                     :
                                                             :
                                    Defendant.               :
------------------------------------------------------------------------x

        Plaintiff CA, Inc. ("CA") respectfully submits this Memorandum of Law in support of its

motion for partial summary judgment, pursuant to Rule 56(d)(2) of the Federal Rules of Civil

Procedure, on the issue of liability, on its First Cause of Action for breach of contract against

defendant AMX International, Inc. ("AMX").

## PRELIMINARY STATEMENT

        AMX's liability for its breach of a negotiated settlement agreement with CA was already

litigated and decided by this Court in a previous action.  Indeed, AMX even admits its liability in

its Answer to the Complaint in this action.  Under the doctrine of Collateral Estoppel, AMX is

now precluded from denying this fact or relitigating this issue.  Accordingly, and because there

are no issues of material fact concerning AMX's breach of the settlement agreement, CA is

entitled to an order granting it summary judgment on liability on its First Cause of Action for

breach of contract, leaving only the issue of damages to be decided.

## STATEMENT OF FACTS

        The facts underlying this action are not only simple and straightforward, they are

undisputed.  *Compare* Declaration of John P. McEntee, dated July 10, 2008 ("McEntee Decl."),

Ex. "A" (hereinafter, "Complaint") *with* Ex. "B" (hereinafter, "Answer").  In sum, AMX admits

it retained and used software licensed from CA for 13 months without CA's authorization and without making a single payment to CA. *See* Complaint, ¶¶ 24-26; Answer ¶¶ 24-26. AMX even admits its use and retention of CA's software was a breach of the Negotiated Settlement Agreement (defined below) between the parties. *See* Complaint, ¶ 27; Answer ¶ 27.

A.    **The Negotiated Settlement Agreement**

In October, 2004, CA commenced an action to enforce two software licensing agreements with AMX (the "Enforcement Action").[1] *See* Complaint, ¶ 9; Answer ¶ 9. These agreements allowed AMX to develop and distribute a computer software package incorporating certain CA products in consideration for the payment of certain license fees to CA. *See* Complaint, ¶ 10; Answer ¶ 10. CA alleged in the Enforcement Action that AMX failed to make payment of the required fees. *See* Complaint, ¶ 11; Answer ¶ 11. In July, 2005, the parties resolved their dispute pursuant to terms set forth in a written settlement agreement ("Negotiated Settlement Agreement"). *See* Complaint, ¶ 12; Answer ¶ 12; *see also* McEntee Decl., Ex. "C."

On October 24, 2005, a stipulation and order of dismissal ("Order") was entered in the Enforcement Action dismissing the action pursuant to the terms of the Negotiated Settlement Agreement. *See* Complaint, ¶ 13; Answer ¶ 13; *see also* McEntee Decl., Ex. "D."

The Negotiated Settlement Agreement required AMX to deliver to CA, on or before June 1, 2006 (defined in the Negotiated Settlement Agreement as the "Final Surrender Date"), certain CA software products defined as the "Permitted Products," together with a written certification stating it had stopped all use of the Permitted Products, deleted all copies of the Permitted Products from all computer libraries and storage devices, and returned to CA all electronic media, documentation, and other items relating to the Permitted Products. *See* Complaint, ¶¶ 13-14; Answer ¶¶ 13-14; *see also* Negotiated Settlement Agreement (McEntee Decl., Ex. "C"), ¶4.c.

---

[1] *Computer Associates Int'l., Inc. v. AMX Int'l., Inc.*, Case No. 04 Civ. 9134 (E.D.N.Y.) (LTS) (KNF).

The Negotiated Settlement Agreement allowed AMX to extend the Final Surrender Date to September 1, 2006, provided it paid $25,000 to CA on or before May 15, 2006 (the "Extension Option").    *See* Complaint, ¶ 16; Answer ¶ 16; *see also* Negotiated Settlement Agreement (McEntee Decl., Ex. "C"), ¶4.c.

**B.     AMX Breaches the Negotiated Settlement Agreement**

In breach of the Negotiated Settlement Agreement, AMX refused to return the Permitted Products to CA by the June 1, 2006 deadline. *See* Complaint, ¶ 17; Answer ¶ 17.  Instead, AMX continued to use some or all of the Permitted Products without CA's permission and without payment to CA.    *See* Complaint, ¶ 17; Answer ¶ 17.

On or about April 16, 2007, after repeated demands by CA that AMX discontinue its use of the Permitted Products, AMX made the extension payment to CA.  *See* Complaint, ¶ 18; Answer ¶ 18.   Accordingly, AMX's deadline to return the Permitted Products to CA was extended to September 1, 2006.  *See* Complaint, ¶ 18; Answer ¶ 18.  However, AMX did not return the Permitted Products to CA by that date.  *See* Complaint, ¶ 24; Answer ¶ 24.

Rather, for the thirteen month period between September 1, 2006 and October 2, 2007 (the "Unauthorized Use Period"), Defendant continued to use the Permitted Products without the consent of, and without payment to, CA.  *See* Complaint, ¶¶ 19, 22-26; Answer ¶¶ 19, 22-26. Notably, AMX admits its use and retention of the Permitted Products during the Unauthorized Use Period was a breach of the Negotiated Settlement Agreement.  *See* Complaint, ¶ 27; Answer ¶ 27.

**C.     The Court Enjoins AMX's Continued Use of the Permitted Products**

On or about May 31, 2007, CA moved to enjoin AMX from continuing to use the Permitted Products in violation of the Negotiated Settlement Agreement. *See* Complaint, ¶ 20;

Answer ¶ 20.  By Decision and Order dated September 19, 2007 (the "Order"), the Hon. Loretta

Taylor Swain found that AMX breached the Negotiated Settlement Agreement by continuing to

use the Permitted Products during the Unauthorized Use Period.  *See* Complaint, ¶ 21; Answer ¶

21.  Judge Swain accordingly granted CA an injunction, providing as follows:

> Defendant AMX shall be barred from all use of the "Permitted
> Products" (as defined by Paragraph 4.c of the Settlement
> Agreement) within fifteen (15) days of entry of this order, and
> Defendant AMX shall delete all copies of the Permitted Products
> from all computer libraries and storage devices within fifteen (15)
> days of the entry of this order.

Order (McEntee Decl., Ex. "E"), p. 6; *see also* Complaint, ¶ 21; Answer ¶ 21.

   Notably, in reaching its decision, the Court specifically found that "AMX does not

dispute its failure to perform under the terms of the [Negotiated] Settlement Agreement."  Order,

p. 3.  Indeed, AMX actually admitted to this fact in its opposition to CA's application in the

Enforcement Action.  *See* Affidavit of Jay Price, sworn to on July 16, 2007 ("Price Aff."),

submitted in opposition to CA's motion to enforce the Negotiated Settlement Agreement

(McEntee Decl., Ex. "D"), ¶¶ 24-25 (admitting that Defendant continued to use the Permitted

Products because it was "unable to transition three of [its] existing clients").

   On or about October 2, 2007, AMX filed a certification in the Enforcement Action stating

it was no longer using the Permitted Products.  *See* McEntee Decl., Ex. "F;" *see also* Complaint,

¶ 22; Answer ¶ 22.  AMX, however, returned no materials to CA.  *See* Complaint, ¶ 22; Answer

¶ 22.

## ARGUMENT

## CA IS ENTITLED TO SUMMARY JUDGMENT
## ON ITS CLAIM FOR BREACH OF CONTRACT

**A.    Standard of Review**

In this motion for summary judgment, CA requests that the Court grant it judgment as a matter of law holding that AMX breached the Negotiated Settlement Agreement and is accordingly liable to CA for its admitted use of the Permitted Products during the Unauthorized Use Period. CA, as the moving party, must demonstrate that based upon the pleadings, affidavits and other proof, that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shade ex rel. Velez-Shade v. Housing Auth. of City of New Haven,* 251 F.3d 307, 314 (2d Cir. 2001). CA meets this standard and thus, is entitled to summary judgment on liability on its First Cause of Action against AMX.

**B.    AMX is Precluded from Denying
       Its Breach of the Negotiated Settlement Agreement**

AMX's breach of the Negotiated Settlement Agreement was litigated in the Enforcement Proceeding and conclusively resolved in CA's favor by the Order.   Accordingly, under the doctrine of collateral estoppel, AMX is precluding from denying this fact.

Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding.  *See Boguslavsky v. Kaplan*, 159 F.3d 715, 719- 20 (2d Cir. 1998).   Collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a

5

valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Here, the Court's prior Order precludes AMX from relitigating its breach of the Negotiated Settlement Agreement.

The issue presented here is identical to that which was presented in the Enforcement Action and decided by the Order, namely, whether, AMX breached the Negotiated Settlement Agreement by retaining possession and use of the Permitted Products during the Unauthorized Use Period. *See* Complaint, ¶ 28; Order, p. 1. Moreover, the facts necessary to support the allegations in both actions are identical. To establish AMX's breach of the Negotiated Settlement Agreement here, CA will have to establish the existence of the agreement and AMX's unexcused failure to perform under the agreement. These were the precise issues litigated in the Enforcement Action. The similarity of the issues presented in both actions is reflected in the Order, where the Court rejected each of AMX's Defendant's proffered excuses for non-performance of the Negotiated Settlement Agreement. *See, generally,* Order, pp. 3-6. Thus, CA satisfies the first element for affording the Order collateral estoppel effect against AMX. *See, e.g., Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (finding that a considerable overlap of issues satisfied the collateral estoppel inquiry where both litigations required the party to establish common elements for its claims); *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 331 (S.D.N.Y. 2008) (finding that collateral estoppel applied where the two actions were based on exactly the same factual allegations).

It is equally beyond dispute that the underlying issue -- AMX's breach of the Negotiated Settlement Agreement -- was actually litigated and decided in the Enforcement Action, and that AMX had a full and fair opportunity to litigate the issue. Indeed, the specific issue litigated in

the Enforcement Action was whether AMX breached the Negotiated Settlement Agreement by its continued unauthorized use of the Permitted Products, and whether AMX proffered an excuse for its continued unauthorized use during the Unauthorized Use Period. *See, generally,* Price Aff. (McEntee Decl., Ex. "D"). AMX had a full and fair opportunity to litigate this issue and, indeed, submitted an affidavit in opposition to CA's application setting forth what it believed to be reasonable excuses for its non-performance. *See id.* The court ultimately decided that AMX's arguments did not excuse its breach of the Negotiated Settlement Agreement. *See* Order, p. 6. Thus, CA has satisfied the second and third elements for the application of collateral estoppel effect on Order's finding that AMX breached the Negotiated Settlement Agreement.

*Finally*, the resolution of AMX's breach of the Negotiated Settlement Agreement was necessary to support a valid and final judgment on the merits. In fact, if AMX had not breached the agreement, the Court would not have enjoined AMX from its continued use of the Permitted Products. *See* Order, p. 6.

The Order establishes, as a matter of law, that AMX used the Permitted Products during the Unauthorized Use Period in breach of the Negotiated Settlement Agreement. *See* Order, p.3. Thus, AMX is now precluded from relitigating this issue. *See Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) ("The doctrine of collateral estoppel prevents a plaintiff from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding") (citation omitted).

## C.    AMX Admits Its Breach of the Negotiated Settlement Agreement

Undoubtedly realizing that it is precluded from denying its breach of the Negotiated Settlement Agreement, AMX admits each of the following salient facts in its Answer:

- AMX was obligated to return the Permitted Products to CA on or before September 1, 2006 pursuant to the terms of the Negotiated Settlement Agreement (*see* Answer, ¶¶ 16, 18-19);

- AMX used, or had the ability to use, the Permitted Products continuously during the Unauthorized Use Period (*see id.*, ¶ 25);

- AMX did not make any payment to CA for its use or, or ability to use, the Permitted Products during the Unauthorized Use Period (*see id.*, ¶ 26); and

- AMX's retention and use of the Permitted Products during the Unauthorized Use Period *is a breach of the Negotiated Settlement Agreement* (*see id.*, ¶ 27 (emphasis added)).

These facts are undisputed and, on their own, warrant summary judgment in CA's favor on AMX's liability under the First Cause of Action for breach of the Negotiated Settlement Agreement.

To conclude, no issues of material fact exist concerning AMX's liability under the Negotiated Settlement Agreement. AMX admits that it breached the Negotiated Settlement Agreement, a fact conclusively established by the Order. CA is accordingly entitled to an order granting it summary judgment on liability on its First Cause of Action for breach of contract, leaving only the issue of damages to be decided.

## CONCLUSION

No issues of material fact exist concerning AMX's liability under the Negotiated Settlement Agreement. CA is therefore entitled to partial summary judgment on liability on its First Cause of Action against AMX for breach of the Negotiated Settlement Agreement.

Respectfully submitted,

FARRELL FRITZ, P.C.

By: _____

John P. McEntee
Michael A.H. Schoenberg
*Attorneys for Plaintiff*
1320 RexCorp Plaza
Uniondale, New York 11556-0120
(516) 227-0700

FFDOCS1\813034.01

9