# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COMPUTER ASSOCIATES INTERNATIONAL, INC.,

                Plaintiff,

- against -

AMX INTERNATIONAL, INC.,

                Defendant.
-----------------------------------------------------------------X

04 CV 9134 (LTS) (KNF).

## NEGOTIATED SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff Computer Associates International, Inc., which is defined for purposes of this Agreement to include any present or former parent corporations, subsidiaries, divisions, successors, creditors, assigns, officers, directors, agents, representatives or employees thereof (collectively referred to as "Plaintiff"); and defendant AMX International, Inc., which is defined for purposes of this Agreement to include any present or former, parent corporations, subsidiaries, divisions, affiliates, successors, creditors, assigns, partners, directors, agents, representatives or employees thereof (collectively referred to as "Defendant"), desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by Plaintiff's Complaint and Defendant's Counterclaims, without further litigation or adjudication; and

**WHEREAS**, Plaintiff and Defendant understand and agree that each of them denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings; and

**WHEREAS**, Plaintiff and Defendant understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by any party of guilt or noncompliance with federal, state, or local statute, order,

regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, or of any other wrongdoing whatsoever; and

**WHEREAS**, this action shall be dismissed in its entirety and with prejudice by the Court upon Plaintiff's and Defendant' stipulation:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1. **Execution**

The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendant. Plaintiff and Defendant each confirm that they have been represented by counsel throughout this action, that counsel has fully explained the effect and terms of this Agreement, and that they each freely and knowingly enter into this Agreement intending to waive, settle and release all claims raised in the Complaint and in the Counterclaims. The parties acknowledge that they each may hereafter discover facts different from or in addition to those known or now believed to be true with respect to the matters released or described in this Agreement, and agree that the waivers, releases and agreements contained herein shall be and will remain effective in all respects notwithstanding any later discovery of any such different or additional facts. Each of the parties assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes, or controversies described in this Agreement or with regard to any facts that are now unknown to any or all of the parties.

2. **Waiver and General Release of Claims**

In exchange for the consideration provided by Defendant in this Agreement, the sufficiency of which is hereby acknowledged, and except as to any action or proceeding to enforce the terms of this Agreement, Plaintiff (a) waives its right to commence, maintain, prosecute, or participate in any action, charge, complaint or proceeding (on its own behalf or on behalf of any other person or entity), whether individually or as a member of any alleged class of persons, in any court, or before any administrative or investigate agency (whether public, quasi-public or private) against Defendant, and each of them, and (b) releases Defendant from any and all claims and causes of action it has against Defendant arising out of the purchase, service, maintenance and licensing agreements which form the basis of the Plaintiff's claims.

In exchange for the consideration provided by Plaintiff in this Agreement, the sufficiency of which is hereby acknowledged, and except as to any action or proceeding to enforce the terms of this Agreement, Defendant (a) waives its right to commence, maintain, prosecute, or participate in any action, charge, complaint or proceeding (on their own behalf or on behalf of any other person or entity), whether individually or as a member of any alleged class of persons, in any court, or before any administrative or investigate agency (whether public, quasi-public or private), against Plaintiff, and (b) releases Plaintiff from any and all claims and causes of action against Plaintiff from the beginning of the world to the date of this Agreement.

3. **Commitments**

In addition to the waiver and release of claims in paragraph "2" above, and in exchange for the promises made by the parties in paragraph "4" below, the parties agree they will each execute all documents and such supplemental, further or modifying documents, including, without limitation, the <u>Stipulation For Entry of an Order of Final Dismissal With Prejudice</u>

3

(annexed hereto as Exhibit A), needed to settle, dismiss and withdraw, with prejudice, any and all complaints, suits, actions, charges, claims or proceedings relating to all claims and counterclaims asserted in this Action.

4. **Consideration**

In exchange for Plaintiff's release and waiver of claims and the discontinuance with prejudice of this Action, Defendant shall:

a. Pay to Plaintiff the total sum of $100,000, payable in four equal installments of $25,000 on August 1, 2005, November 1, 2005, February 1, 2006, and May 1, 2006;

b. Deliver to Plaintiff, within five business days of the discontinuance of this action, the following products, including all documentation relating to the following products (collectively, the "Surrendered Products"):

| Product Name |
| --- |
| AllFusion® Gen 1-10 Developers License for COOL:Qwik MULTI-PLATFORM |
| AllFusion® Gen Implementation Toolset Option MVS |
| AllFusion® Gen Report Composer from CANAM Software MULTI-PLATFORM |
| CA Common Services MVS |
| AllFusion® Gen Proxy Programming Interface Option for Java MULTI-PLATFORM |

together with a certification to Plaintiff stating that Defendant has stopped all use of the Surrendered Products, has deleted all copies of the Surrendered Products from all computer libraries and storage devices, and has returned to Defendant all electronic media, documentation, and other items relating to the Surrendered Products, in the form annexed hereto as Exhibit "B;"

c. Deliver to Plaintiff, on or before June 1, 2006 (the "Final Surrender Date"), the following products, including all documentation relating to the following products (collectively, the "Permitted Products"):

| Product Name |
| --- |
| AllFusion® Gen Encyclopedia Server Option IBM AIX |
| AllFusion® Gen Implementation Toolset Client/Serve WINDOWS NT |

4

AllFusion® Gen IT (C/S) IBM AIX
AllFusion® Gen Workstation Analyst Toolset WINDOWS-ALL
AllFusion® Gen Workstation Construction Toolset WINDOWS-ALL
AllFusion® Gen Workstation Cross Generation Option to UNIX MULTI-PLATFORM
AllFusion® Gen Workstation Cross Generation Option to Windows NT/2000 MULTI-PLATFORM
AllFusion® Gen Workstation Developer Toolset Option WINDOWS-ALL
AllFusion® Gen Communication Base Manager Option MULTI-PLATFORM
AllFusion® Gen Encyclopedia Construction Server IBM AIX
AllFusion® Gen Encyclopedia Cross Generation Option to UNIX MULTI-PLATFORM
AllFusion® Gen Encyclopedia Cross Generation Option to Windows NT/2000 MULTI-PLATFORM
AllFusion® Gen Middleware TCP/IP Option MULTI-PLATFORM

together with a certification to Plaintiff stating that Defendant has stopped all use of the Permitted Products, has deleted all copies of the Permitted Products from all computer libraries and storage devices, and has returned to Defendant all electronic media, documentation, and other items relating to the Permitted Products, in the form annexed hereto as Exhibit "B," provided, however, that Defendant has the option to extend to extend the Final Surrender Date to September 1, 2006 provided it pays to Plaintiff the sum of $25,000 on or before May 15, 2006.

5. **Disclaimer of Warranty**

PLAINTIFF AND DEFENDANT AGREE THAT DEFENDANT'S USE OF THE PERMITTED PRODUCTS IS ON AN "AS IS" BASIS, THAT PLAINTIFF DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, AND THAT PLAINTIFF DISCLAIMS ANY OBLIGATION TO SUPPORT OR PROVIDE TECHNICAL ASSISTANCE FOR THE PERMITTED PRODUCTS. PLAINTIFF AND DEFENDANT FURTHER AGREE THAT DEFENDANT SHALL NEITHER REQUEST NOR RECEIVE ANY MAINTENANCE SERVICES IN CONNECTION WITH THE PERMITTED PRODUCTS (INCLUDING, BUT NOT

LIMITED TO, TELEPHONIC SUPPORT, "BUG" FIXES, PATCHES, UPDATES, AND NEW RELEASES).

6. <u>Injunction; Money Judgment</u>

Plaintiff is entitled, in the event that Defendant defaults in its obligations under paragraph 4.b of this Agreement, after three days notice to Defendant of its default, to the immediate return of the Surrendered Products and to the entry of a permanent injunction that bars Defendant from all use of the Surrendered Products and directs it to delete all copies of the Surrendered Products from all computer libraries and storage devices.

Plaintiff is entitled, in the event that Defendant defaults in its obligations under paragraph 4.c of this Agreement, after three days notice to Defendant of its default, to the immediate return of the Permitted Products and to the entry of a permanent injunction that bars Defendant from all use of the Permitted Products and directs it to delete all copies of the Permitted Products from all computer libraries and storage devices.

Plaintiff is entitled, in the event that Defendant defaults in its obligations under paragraph 4.a of this Agreement to timely pay the installments due Plaintiff, after three days notice to Defendant of its default, to a money judgment in the amount of $592,784.65, less any amounts paid by Defendant under this Agreement, and to the entry of a permanent injunction that bars Defendant from all use of the Permitted Products and the Surrendered Products and directs it to delete all copies of the Permitted Products and the Surrendered Products from all computer libraries and storage devices.

7. <u>Right to Inspect</u>

Plaintiff may audit, with five (5) day's prior written notice, Defendant's available records and information systems to confirm the accuracy of the certifications required by paragraphs 4.b

and 4.c of this Agreement. Plaintiff shall bear the expense of an audit with the exception of instances where Defendant is found, through such an audit, to be in violation of the certifications. In such instances, Defendant will be invoiced for, and shall promptly pay, all reasonable time, travel and material costs associated with the audit. Audits shall be conducted during regular business hours at Defendant's facilities and shall not unreasonably interfere with Defendant's business. Audits shall be conducted no more than twice in any twelve-month period. The right to audit will expire two years after Defendant's delivery of the certification for the Permitted Products, as provided for in paragraph 4.c of this Agreement.

## 8. Severability and Modification

Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity and cannot be interpreted or modified to be enforceable (which the parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

## 9. Section Headings

Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

## 10. Entire Agreement

This Agreement, which incorporates as covenants the representations and clauses in the introductory "Whereas" clauses, represents the complete understanding among Plaintiff and Defendant about the matters set forth in this Agreement and shall be interpreted under New York law without regard to New York's conflict or choice of law provisions. Any action or proceeding arising under or relating to this Agreement shall be brought in a federal or state court

located in New York County, New York. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document signed by Plaintiff and by Defendant (or their legally designated representatives), which recites the specific intent to modify this Agreement.

11. **Notice**

Except as otherwise specified in the Agreement, all notices, requests, approvals, consents and other communications required or permitted under this Agreement shall be in writing and shall be personally delivered or sent by (i) first class U.S. mail, registered or certified, return receipt requested, postage pre-paid; or (ii) U.S. express mail, or other, similar overnight courier service to the address specified below. Notices shall be deemed given on the day actually served by the party to whom the notice is addressed.

    In the case of Plaintiff:    Computer Associates International, Inc.
                                      One Computer Associate Plaza
                                      Islandia, NY 11749
                                      Attn: General Counsel

    In the case of Defendant:   AMX International Inc.
                                      c/o Michael D. Gaffney
                                      Beard St. Clair
                                      2105 Coronado
                                      Idaho Falls, ID 83404

12. **Continuing Jurisdiction**

The parties consent to the continuing jurisdiction of the Hon. Loretta Taylor Swain to enforce the terms of this Agreement.

THE TERMS OF THIS AGREEMENT, INCLUDING THE WAIVERS AND RELEASES, ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFF AND DEFENDANT. THE PARTIES HAVE

READ AND FULLY CONSIDERED THIS AGREEMENT AND MUTUALLY DESIRE TO ENTER INTO THIS AGREEMENT.

COMPUTER ASSOCIATES INTERNATIONAL, INC.

By: _____
Alexander G. Arato, Esq.
Vice President, Senior Counsel

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SUFFOLK    )

On this 12 day of July, 2005, before me personally appeared Alexander G. Arato of Computer Associates International, Inc., personally known to me known or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

BARBARA BOLAND
Notary Public, State of New York
No. 01BO601047
Qualified in Suffolk County
Certified in Nassau County
Commission Expires July 13, 2006

_____
Notary Public

AMX INTERNATIONAL, INC.

By: _____
Jay Price, President

STATE OF IDAHO          )
                        ) ss.:
COUNTY OF Bonneville    )

On this 7 day of July, 2005, before me personally appeared Jay Price of AMX International, Inc., personally known to me known or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
Residing at: Rexburg, ID
My Commission expires: 6-21-10

FFDOCS1\631568.02

9