UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CA, INC.,

                              Plaintiff,

        - against -

AMX INTERNATIONAL, INC.,

                             Defendant.
------------------------------------------------------------------X

Civil Action No.
 07 CV 09799 (LTS)(KNF)

DEFENDANT'S
STATEMENT OF
UNDISPUTED MATERIAL
FACTS PURSUANT
TO S.D.N.Y.
<u>LOCAL RULE 56.1 (a)</u>

       Defendant AMX International, Inc. ("AMX"), through counsel of record, respectfully submits the following statement of undisputed facts as to which defendant contend that there is no genuine issue to be tried, pursuant to S.D.N.Y. Local Rule 56.1(a). Defendant submits this statement in support of its motion, pursuant to Fed. R. Civ. P. 56 and S.D.N.Y. Local Rule 56.1, for summary judgment dismissing the complaint, dated November 1, 2007 (the "Complaint") in its entirety.

       1.     The negotiated settlement agreement between plaintiff CA, Inc. ("CA") and AMX entered into in July 2005 (the "Agreement") provides that in consideration for AMX's payment of the four, quarterly payments of $25,000.00, AMX was permitted to continue to use certain CA software products (the "Permitted Products") until June 1, 2006. See accompanying Affidavit of Scott D. Stechman, dated July 24, 2008 ("Stechman Aff."), Ex. "1" thereto (hereinafter "Complaint") at ¶14, Exhibit "A: to accompanying Affidavit of Jay Price, sworn to July 23, 2008 ("Price Aff.").

       2.     AMX paid $100,000.00 to CA as required by the Agreement in compliance with paragraph 4a of the Agreement ("Price Aff. ¶4").

3. The Agreement required AMX to return the Permitted Products to CA on or before June 1, 2006. (Complaint ¶15).

4. The Agreement required that AMX certify that AMX ceased use of the Permitted Products and that AMX had deleted all copies of the Permitted Products from its computer libraries and storage devices. (Complaint ¶ 15).

5. The Agreement required AMX to return to CA all electronic media, documentation and other items related to the Permitted Products. (Complaint ¶ 15).

6. AMX had the option of retaining and using the Permitted Products until September 1, 2006, in exchange for an extension payment of $25,000.00 on or before May 15, 2006. (Complaint ¶ 16).

7. AMX used some of the Permitted Products beyond June 1, 2006. (Stechman Aff., Ex. "2"), (hereinafter "Answer") at ¶ 17.

8. AMX paid the extension payment to CA. (Answer ¶18).

9. AMX used a small number of the Permitted Products during September 1, 2006 through October 2, 2007. (Answer ¶¶ 19, 22).

10. On May 31, 2007, CA moved to enforce the Agreement and sought an injunction to prevent AMX from continued use of the Permitted Products. (Complaint ¶ 20.)

11. CA based its motion on the fact that AMX had not returned the Permitted Products and AMX had not paid CA for the Permitted Products. (Complaint ¶17).

12. On September 19, 2007, the Honorable Laura Taylor Swain found that AMX violated the Agreement by misusing the Permitted Products. Judge Swain entered an order enjoining AMX from using any of the Permitted Products. (Complaint ¶21; Stechman Aff., Ex. "3").

13. AMX has fully complied with the terms of Judge Swain's order granting the permanent injunction. (Price Aff." ¶5; Exhibit "B" thereto).

14. The basis for Count One in the present action is that AMX did not return the Permitted Products and did not pay CA for the Permitted Products. (Complaint ¶¶ 24, 26.) The factual basis for Count One of the Complaint and the basis for CA's previous enforcement action are identical.

15. CA's Complaint does not allege that AMX violated paragraphs 4a or 4b of the Agreement. The Complaint only alleges misuse of the Permitted Products under paragraph 4c thereof. (*See generally* Complaint.).

16. Paragraph 4a of the Agreement provides that AMX]pay to CA the total sum of $100,000.00, payable in four equal installments of $25,000.00 on August 1, 2005, November 1, 2005, February 1, 2006, and May 1, 2006. (Price Aff., Ex. "A").

17. AMX has complied with paragraph 4a by making payment of the aggregate sum of $100,000.00 to CA. (Price Aff. ¶4).

18. Paragraph 4b provides that AMX deliver to CA, within five business days of the discontinuance of the action, certain products, including all documentation relating to the products known as the Surrendered Products. (Price Aff., Ex. "A").

19. AMX has complied with paragraph 4b by delivering to CA the products denoted in the Agreement as the "Surrendered Products." (Price Aff. ¶5).

20. AMX has provided certification to CA that the Surrendered Products have been deleted off all AMX computer libraries and storage devices. (*Id.*, ¶6).

21. All electronic media, documentation and other items relating to the Surrendered Products have been returned to CA. (*Id.*).

22. Paragraph 4c provides that AMX deliver to CA, on or before June 1, 2006, products known as the Permitted Products along with a certification stating that AMX had stopped all use of the Permitted Products, that AMX deleted all copies of the Permitted Products from all computer libraries and storage devices, and that AMX returned to CA all electronic media, documentation, and other items related to the Permitted Products. AMX retained the option to extend the final surrender date to September 1, 2006 by paying CA $25,000.00 on or before May 15, 2006. (Price Aff., Ex. "A").

23. Section 6 of the Agreement provides:

> Plaintiff is entitled, in the event that Defendant defaults in its obligations under paragraph 4.c of this Agreement, after three days notice to Defendant of its default, to the immediate return of the Permitted Products and to the entry of a permanent injunction that bars Defendant from all use of the Permitted Products and directs it to delete all copies of the Permitted Products from all computer libraries and storage devices.

(*Id.*)

24. The parties never agreed that misuse of the Permitted Products or breach of paragraph 4c entitles CA to money damages. (*Id.*)

25. Injunctive relief is the only remedy provided for in the Agreement. (*Id.*)

26. CA agreed to be bound by the Agreement, including the remedies provision. (*Id.*).

27. Paragraph 10 of the Agreement provides that the Agreement "can only be modified by a written document signed by the Plaintiff and by Defendant (or their legally designated representatives), which recites the specific intent to modify this Agreement." (*Id.*).

28. No modification of 4c was ever entered into by AMX and CA. *See generally* Complaint.

4

29. The undisputed material facts set forth in the affidavit of Jay Price, the affidavit of Scott D. Stechman, and the exhibits submitted therewith, establish that there are no genuine issues of material facts to be tried in this action. As a result, the Court should grant defendant AMX International, Inc.'s cross-motion for summary judgment dismissing the Complaint in its entirety, and deny plaintiff CA, Inc.'s motion for partial summary judgment on Count One of the Complaint in its entirety.

Dated: Uniondale, New York
      July 24, 2008

**LEHMAN & EILEN LLP**

By: _____
    Scott D. Stechman (SS-1803)
50 Charles Lindbergh Blvd. - Suite 505
Uniondale, New York 11553
(516) 222-0888

*Attorneys for Defendant*
*AMX International, Inc.*

BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404
(208) 557-5203

*Counsel for Defendant*
*AMX International, Inc.*

TO:  FARRELL FRITZ, P.C.
      Attn: John P. McEntee, Esq.
      RexCorp Plaza
      West Tower – 14th Floor
      Uniondale, New York 11556-0120
      (516) 227-0700

      *Attorneys for Plaintiff*
      *CA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CA, INC.,

                               Plaintiff,              Civil Action No.
                                                                 07 CV 9799 (LTS)(KNF)

          - against -

AMX INTERNATIONAL, INC.,

                               Defendant.
------------------------------------------------------------------X

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO S.D.NY. LOCAL RULE 56.1(a)

LEHMAN & EILEN LLP
ATTORNEYS AT LAW
50 CHARLES LINDBERGH BLVD.
UNIONDALE, NEW YORK 11553
(516) 222-0888