UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CA, INC.,                                        :
                                                 :   Civil Action No.
                                 Plaintiff,      :    07 CV 09799 (LTS)(KNF)
                                                 :
                  - against -                    :
                                                 :
                                                 :
AMX INTERNATIONAL, INC.,                          :
                                                 :
                                 Defendant.      :
------------------------------------------------------------------------X

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Lehman & Eilen LLP
Suite 505
50 Charles Lindbergh Boulevard
Uniondale, New York 11553
(516) 222-0888

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF UNDISPUTED FACTS............................................................ 2

ARGUMENT............................................................................................................ 2

POINT I - THE STANDARD FOR SUMMARY JUDGMENT............................ 2

POINT II - IT IS UNDISPUTED THAT CA CANNOT SEEK MONETARY DAMAGES
FOR BREACH OF THE AGREEMENT, AS THE AGREEMENT PROVIDES THAT
THE SOLE REMEDY FOR ANY BREACH IS AN INJUNCTION ...................................... 3

POINT III - THE ELECTION OF REMEDIES DOCTRINE BARS PLAINTIFF'S
CLAIMS........................................................................................................................ 4

POINT IV - THE COURT'S PREVIOUS DECISION AND ORDER IS RES JUDICATA
AND BARS ANY SUBSEQUENT SUIT FOR BREACH OF CONTRACT BY CA ............. 7

CONCLUSION ..................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ........................................................................ 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................. 3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................ 2, 3

*Evans v. Famous Music Corp.*, 1 N.Y.3d 452, 807 N.E.2d 869 (N.Y. 2004) ................................. 4

*Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219 (2d Cir. 1994) ......................... 2

*In re Hunter*, 4 N.Y.3d 260, 827 N.E.2d 269 (N.Y. 2005) ............................................. 8, 9, 10, 12

*Ins. Co. of the State of Pennsylvania v. HSBC Bank USA*, 10 N.Y.3d 32, 882 N.E.2d 381 (N.Y. 2008), ...................................................................................................... 9

*Lumber Mut. Cas. Ins. Co. of New York v. Friedman*, 176 Misc. 703, 28 N.Y.S.2d 506 (N.Y. Sup. Ct. 1941) ............................................................................................ 6

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280 (2d Cir. 2002) ................................................. 10

*Monahan v. New York Dep't of Corr.* 214 F.3d 275 (2d Cir.), *cert. denied*, 531 U.S. 1035 (2000) ...................................................................................................... 11

*O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 429 N.E.2d 1158 (N.Y. 1981) ......................... 9, 12

*Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 712 N.E.2d 647 (N.Y. 1999) .......... 9

*Pike v. Freeman*, 266 F.3d 78 (2d Cir. 2001) ............................................................. 10

*R/S Assoc. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 771 N.E.2d 240 (N.Y. 2002) .................... 4

*Shaw Group, Inc. v. Triplefine Intern. Corp.*, 332 F.3d 115 (2d Cir. 2003) ................................. 4

*Slamow v. Del Col*, 79 N.Y.2d 1016, 594 N.E.2d 918 (N.Y. 1992) ................................................. 4

*Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F.Supp.2d 231 (S.D.N.Y. 2006) ........................ 6, 7, 8

*Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992), *cert. denied*, 506 U.S. 1053 (1993) .. 10

**Rules**

Federal Rule of Civil Procedure 56(b) ................................................................................. 1

Federal Rule of Civil Procedure 56(c) ............................................................................. 2, 3

S.D.N.Y. Local Rule 56.1 ..................................................................................................... 1

S.D.N.Y. Local Rule 56.1(a) ................................................................................................. 1

Defendant, AMX International, Inc. ("AMX"), respectfully submits this Memorandum of Law in support of its motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(b) and S.D.N.Y. Local Rule 56.1, and in opposition to plaintiff CA, Inc.'s ("CA") motion for partial summary judgment on the issue of liability on Count One of the Complaint.

## PRELIMINARY STATEMENT

CA commenced this action seeking money damages by reason of AMX's breach of paragraph 4c of the negotiated settlement agreement between the parties (the "Agreement") in a prior action between them before this Court. *See* 04 CV 9134 (LTS)(KNF) (the "Prior Action").

The Agreement provides the exclusive remedy for any breach of paragraph 4c, *i.e.,* an injunction. In spite of the Agreement and the Prior Action, by this action, CA seeks to unilaterally change the clear terms of the Agreement by seeking monetary damages to which it is not entitled. CA can *only* receive injunctive relief for breach of paragraph 4c. The Agreement simply does not provide for any other remedy, including money damages. Additionally, CA elected its remedy of injunctive relief when it previously sought enforcement of the Agreement in the Prior Action. The previous enforcement action precludes the current action. In short, CA's claims are barred by the Agreement and should be dismissed as a matter of law.

In addition, CA has failed to submit and serve a statement of undisputed material facts with its motion papers as required by S.D.N.Y. Local Rule 56.1. As expressly set forth in S.D.N.Y. Local Rule 56.1(a), CA's failure to comply with the requirements of the rule provide an independent basis for the denial of its partial summary judgment motion.

## STATEMENT OF UNDISPUTED FACTS

The material facts as to which defendant contends there is no genuine issue to be tried are set forth in the accompanying Statement of Undisputed Material Facts, affidavit of Jay Price, affidavit of Scott D. Stechman, and the exhibits submitted with defendant's cross-motion.

## ARGUMENT

### POINT I

### THE STANDARD FOR SUMMARY JUDGMENT

The standard for granting summary judgment is well established.  Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  S*ee also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined to issue-finding; it does not extend to issue-resolution."  *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994).  The moving party bears the burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c).  Only disputes over the material facts, *i.e.*, the facts affecting the outcome under the governing substantive law, can prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As set forth herein, AMX is entitled to summary judgment as a matter of law.

2

## POINT II

### IT IS UNDISPUTED THAT CA CANNOT SEEK MONETARY DAMAGES FOR BREACH OF THE AGREEMENT, AS THE AGREEMENT PROVIDES THAT THE SOLE REMEDY FOR ANY BREACH IS AN INJUNCTION

CA's claims fail because the parties never greed that CA could seek money damages from AMX in the event AMX breached paragraph 4c of the Agreement. AMX did not breach the Agreement by not paying CA. CA knows paragraph 4c's contents; however, CA chooses to consciously ignore the plain language of the parties' agreement by bringing this action. The Agreement must be construed according to its plain language. The Court should enforce the Agreement and dismiss CA's claims.

New York law follows the well settled rule of determining the parties' intent at the time of contracting. *Evans v. Famous Music Corp.,* 1 N.Y.3d 452, 458, 807 N.E.2d 869, 872 (N.Y. 2004). There is no need to look further if the intent of the parties can be discerned from the plain meaning of the language of the contract. *Id.* In interpreting a contract, words and phrases should be given their plain meaning, such that the contract is construed so as to give full meaning and effect to all of its provisions. *Shaw Group, Inc. v. Triplefine Intern. Corp.*, 332 F.3d 115, 124 (2d Cir. 2003). When parties reduce their agreement to a clear and complete document, as a rule, their writing should be enforced according to its terms. *R/S Assoc. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 32, 771 N.E.2d 240, 242 (N.Y. 2002). "The best evidence of what parties to a written agreement intend is what they say in their writing." *Slamow v. Del Col,* 79 N.Y.2d 1016, 1018, 594 N.E.2d 918 (N.Y. 1992).

In this case, AMX never agreed to pay CA any compensation for unauthorized use of the Permitted Products. (Affidavit of Jay Price, sworn to July 23, 2008 ("Price Aff."), Ex. "A") The Agreement clearly acknowledges that the written document constitutes the entire agreement between CA and AMX. (*Id.,* Ex. "A", ¶ 10.) The Agreement can only be altered in writing.

3

(*Id.*) No modification of the Agreement exists. AMX simply never agreed to pay CA for any unauthorized use of the Permitted Products. Therefore, AMX cannot have breached the Agreement by failing to pay CA for any unauthorized use of the Permitted Products.

The parties explicitly agreed to specific remedies for specific types of breach. (*Id.*, ¶ 6.). For example, the Agreement provides for money damages *only* in the event paragraph 4a is breached and is inapplicable here. (*Id.*) Further, this is the only place in the Agreement where the parties agreed that money damages would be available. (*Id.*) The Agreement *only* provides injunctive relief in the event that AMX breached paragraph 4c. (*Id.*) That is the sole remedy available to CA. Money damages are not available for any breach of paragraph 4c. (*Id.*) The Agreement clearly and unambiguously dictates the remedy for any violation of paragraph 4c. (*Id.*).

There are no issues of material fact regarding the Agreement's remedies provisions. The parties never agreed that CA could seek monetary damages for breach of paragraph 4c; CA's sole remedy is injunctive relief. Therefore, CA's claims must be dismissed as a matter of law.

## POINT III

### THE ELECTION OF REMEDIES DOCTRINE BARS PLAINTIFF'S CLAIMS

In the event the Court entertains CA's argument that the Agreement's remedies are not exclusive, the election of remedies doctrine nevertheless bars Count One and Count Two of the Complaint.

In the prior action, CA pursued its express, contractual remedy of an injunction, and obtained an order granting that relief on the exact facts alleged in this action. (Affidavit of Scott D. Stechman, sworn to July 24, 2008 ("Stechman Aff."), Ex. "3"). It is of critical importance that the Court recognizes that the first action and the second action involve these identical facts. This remedy is plainly set forth in the Agreement. CA affirmed the validity of the Agreement by

4

seeking the injunction. In this second action, CA now seeks to obtain a remedy to which it is not legally entitled to receive. Accordingly, AMX is entitled to judgment on Count One and Count Two of the Complaint as a matter of law.

Under New York's election of remedies doctrine, a party may not both affirm and disaffirm a contract .or otherwise take a benefit under an instrument and repudiate it. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F.Supp.2d 231, 238 (S.D.N.Y. 2006) The election of remedies rule precludes the pursuit of alternative relief after a party has chosen one of two or more co-existing inconsistent remedies, and in reliance on that election, that same party gained an advantage, or caused the opposing party to have suffered some detriment. *Id.*[1] The election of remedies doctrine is predicated on public policy considerations. Its primary purpose is to prevent vexatious litigation. *Lumber Mut. Cas. Ins. Co. of New York v. Friedman*, 176 Misc. 703, 705, 28 N.Y.S.2d 506, 510 (N.Y. Sup. Ct. 1941).

Here, CA enforced the Agreement against AMX, obtained a permanent injunction, and CA enforced the injunction against AMX. (Stechman Aff., Ex. "3"). CA's claims for relief under the original complaint filed in 2004 became irrelevant once it entered into the Agreement with AMX. The Agreement became the exclusive source of CA's remedies for breaches of that specific Agreement.[2] CA gained an advantage through the enforcement of the Agreement. AMX suffered detriment because a permanent injunction was entered against it. CA affirmed the validity of the Agreement by seeking its contractual remedy of an injunction for the breach of paragraph 4c. CA's affirmation of the Agreement precludes money damages.

This action closely resembles *Sofi Classic S.A. de C.V v. Hurowitz*, 444 F.Supp.2d 231 (S.D.N.Y. 2006) . In that case, the plaintiff affirmed the continued validity of a settlement

---

[1] AMX does not concede that CA has co-existing alternate remedies; rather, AMX argues that there is only one remedy, the injunction, available to CA.

[2] In the present action, CA has not alleged any facts outside of AMX's breach of the Agreement by AMX's retention of the Permitted Products during the period from September 1, 2006 through October 1, 2007.

agreement by bringing an action for breach of that agreement. *Id.*, 444 F.Supp.3d at 238. The plaintiff received a judgment and sought to enforce the judgment. *Id.* The Court determined that the first suit between the parties precluded a subsequent action premised on the plaintiff's disaffirmation of the Settlement Agreement. *Id.* Here, CA affirmed the Agreement by moving for the enforcement of the Agreement in the Prior Action. The Court entered an order resolving the first action and entered a permanent injunction. This constituted a full adjudication of CA's rights under the Agreement.[3] CA appropriately requested *only* those remedies provided in the Agreement. By seeking monetary damages in this action, CA essentially seeks to perform an end-run around the express terms of the Agreement. CA should not be permitted to circumvent the Agreement.

In addition, significantly, the plaintiff in *Sofi Classic S.A de C.V.* contended that its second action sought consistent remedies. *Id.* at 239. The plaintiff in that case argued that the settlement agreement allowed for multiple remedies for breach. *Id.* Here, the Agreement *only* provides for injunctive relief. Paragraph 4c does not provide the multiple remedies as was the case in *Sofi Classic S.A de C.V.* CA affirmed the Agreement's terms when it sought enforcement of the Agreement in the previous litigation by seeking an injunction as it could not obtain money damages. However, the Agreement provides no monetary remedy for the breach of paragraph 4c and CA did not seek monetary compensation for AMX's unauthorized use of the Permitted Products. (Price Aff., Ex. "A"). Just as in *Sofi Classic S.A. de C.V.*, here CA requests a remedy inconsistent with its rights under the Agreement.

Under these circumstances, it is respectfully submitted that the Court should dismiss Count One and Count Two of the Complaint as a matter of law. CA chose its remedy and

---

[3]  Interestingly, CA argues that AMX's defenses to liability were fully adjudicated in the previous action. (Plaintiff's Mem. p. 5). CA argues that "AMX had a full and fair opportunity to litigate this issue and, indeed, submitted an affidavit in opposition to CA's application setting forth what it believed to be reasonable excuses for its non-performance." (*Id.* at 7.) The rationale espoused by CA also applies to CA's rights under the Agreement. CA's rights were also fully litigated and adjudicated under the Agreement in the previous action.

received those remedies as provided in the Agreement. CA cannot now, unilaterally seek to re-write the Agreement. Accordingly, the Complaint should be dismissed.

## POINT IV

### THE COURT'S PREVIOUS DECISION AND ORDER IS RES JUDICATA AND BARS ANY SUBSEQUENT SUIT FOR BREACH OF CONTRACT BY CA

The doctrine of res judicata bars CA's claims. This Court's previous order constitutes an adjudication of whether AMX breached the Agreement and what remedies CA possessed under the Agreement. CA takes a myopic view of the past litigation in an effort to convince the Court that collateral estoppel and not res judicata applies to the current litigation. Significantly, CA ignores the fact that it already sued under the theory of breach of contract when it enforced the Agreement in the previous action. The facts, remedies, and theories were all available to CA when it moved the Court to enforce the Agreement and issue an injunction.

The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties and involving the same subject matter. *In re Hunter*, 4 N.Y.3d 260, 269, 827 N.E.2d 269, 274 (N.Y. 2005). As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based on different theories or if seeking a different remedy." *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159 (N.Y. 1981). The rule of res judicata applies equally to claims that were actually litigated, and claims that *could* have been raised in the prior litigation. *In re Hunter,* 4 N.Y.3d at 269, 827 N.E.2d at 274. In the situation where a plaintiff in a subsequent action asserts a claim for damages that could have been presented in a previous proceeding against the same defendant, based on the same harm and arising out of the same or related facts, res judicata operates to bar the claim. *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 347-348, 712 N.E.2d 647, 650 (N.Y. 1999).

This is precisely the case here with CA's claims. The parties are the same, the alleged harm is the same, and the issues arise out of the same or related facts. For these reasons, res judicata, not collateral estoppel, applies, and CA's claims in this action are barred.

Underlying the doctrine of res judicata is the reasonable rationale that a party who has been given a full and fair opportunity to litigate a claim should not be permitted to do so again. *In re Hunter*, 4 N.Y.3d at 269, 827 N.E.2d at 274. The doctrine is designed "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance of adjudication." *Ins. Co. of the State of Pennsylvania v. HSBC Bank USA*, 10 N.Y.3d 32, 39, 882 N.E.2d 381, 385 (N.Y. 2008), *quoting Allen v. McCurry*, 449 U.S. 90, 91 (1980). Res judicata also exists out of fairness to the parties and requires that at some point the litigation must cease. *In re Hunter*, 4 N.Y.3d at 269-70, 827 N.E.2d at 274-75. Here, fairness dictates that CA should not be permitted to utilize its far superior economic resources to bludgeon AMX in a litigation involving claims that are duly barred by the res judicata doctrine.

In this case, the facts necessary for CA's present claims *existed* when the previous action was fully and fairly adjudicated. (Plaintiff's Mem., p. 6, stating that "the facts necessary to support the allegations in both actions are identical.") Indisputably, this action is based on the same transaction or connected sequence of transactions as the prior action between the same parties. Such factual basis gives rise to res judicata. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992), *cert. denied*, 506 U.S. 1053 (1993).

To determine whether two actions arise from the same transaction or claim, courts examine "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002), *quoting Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). Here, CA

8

concedes that that "the issue presented here is identical to that which was presented in the Enforcement Action and decided by the Order." (Plaintiff's Mem., p. 6). Res judicata is designed to prevent CA from bringing this action. CA's rights under the Agreement were fully litigated and adjudicated. The facts have not changed. CA has not alleged any new facts. Thus, res judicata, and not collateral estoppel, applies, and the Complaint should be dismissed on that basis.

In federal court, res judicata prohibits subsequent litigation if the following requirements are met:

1.    a final adjudication on the merits in a previous action;

2.    involving the same parties or their privies; and

3.    the claims asserted in the subsequent action were, or could have been , raised in the previous action.

See *Monahan v. New York Dep't of Corr.* 214 F.3d 275, 285 (2d Cir.), *cert. denied*, 531 U.S. 1035 (2000). Here, the facts satisfy all of the res judicata's elements and CA's claims must be dismissed on that basis.

The Court's injunction adjudicated the merits of CA's underlying claims for breach of paragraph 4c of the Agreement. In the previous litigation, the parties presented their respective arguments to the Court concerning the unauthorized use of the Permitted Products. This unauthorized use is the very same breach upon which CA now seeks money damages. The facts have not changed from the previous action and the present action. The Court ruled in the previous action in CA's favor and granted CA a permanent injunction. (Stechman Aff., Ex. "3"). There is no dispute over whether the Court's previous ruling constitutes a final adjudication of CA's rights under the Agreement for AMX's breach of paragraph 4c. Such adjudication,

however, does not militate in CA's favor.  Rather, the adjudication should constitute a bar to

CA's current lawsuit against AMX for the *same* breach already resolved by this Court.[4]

The Agreement granted the Court continuing jurisdiction to enforce the Agreement in the

event that either party breached the terms of the Agreement.  (*Id.*, ¶12.)  There is no dispute

between CA and AMX whether the Court had jurisdiction to resolve CA's previous enforcement

action.  Thus, the Court had jurisdiction when it entered the injunction and resolved CA's

previous claim for breach of contract.

The parties to this suit are the same as those to the previous lawsuit.  (*See generally*

Complaint, Stechman Aff., Ex. "1").  Thus, res judicata's third element is satisfied.

Likewise, this case involves the *same* cause of action as the previous litigation.  In the

previous litigation, CA sought enforcement of the Agreement because AMX had breached the

terms of paragraph 4c.  (Stechman Aff., Ex. "3").  CA now seeks relief under the same theory,

*i.e.*, breach of contract, as it did in the previous litigation.  (*Id.*, Ex. "1", ¶¶ 23-29.)  The only

differences between the two suits are the remedies sought.  (*Id.*)  This difference in remedy,

however, is insufficient to make the doctrine of res judicata inapplicable.  *See O'Brien v. City of*

*Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158 (N.Y. 1981).  If CA possessed a viable claim

for money damages, it could have and should have brought it during the previous action.  *See In*

*re Hunter*, 4 N.Y.3d 260, 269, 827 N.E.2d 269, 274 (N.Y. 2005).  However, a claim for money

damages is precluded by the Agreement.

The previous action unquestioningly precludes the present action.  Both Count One and

Count Two of the Complaint should be dismissed as a matter of law because of the previous

adjudication of CA's rights.  By virtue of the fundamental precepts of res judicata, CA cannot, in

---

[4] CA's argument that its claim for damages could not have been litigated in the previous action is disingenuous and misleading.  First, CA ignores the fact that the previous action sought to enforce the full scope of CA's rights under the Agreement against CA.  Second, the facts are the same in both the previous action and the current action.

10

good faith, maintain this action, and AMX is entitled to summary judgment dismissing the

Complaint in its entirety.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that defendant AMX International,

Inc.'s cross-motion for summary judgment be granted, and that plaintiff CA, Inc.'s motion for

partial summary judgment be denied, together with such other and further relief as the Court

deems just and proper.

Dated: Uniondale, New York
        July 24, 2008

                                            **LEHMAN & EILEN LLP**

                                            By: _____
                                                  Scott D. Stechman (SS-1803)
                                            50 Charles Lindbergh Blvd. - Suite 505
                                            Uniondale, New York 11553
                                            (516) 222-0888

                                            *Attorneys for Defendant*
                                            *AMX International, Inc.*


                                            BEARD ST. CLAIR GAFFNEY PA
                                            2105 Coronado Street
                                            Idaho Falls, Idaho 83404
                                            (208) 557-5203

                                            *Counsel for Defendant*
                                            *AMX International, Inc.*

TO:     FARRELL FRITZ, P.C.
        Attn:  John P. McEntee, Esq.
        RexCorp Plaza
        West Tower – 14th Floor
        Uniondale, New York 11556-0120
        (516) 227-0700

        *Attorneys for Plaintiff*
        *CA, Inc.*