John P. McEntee
Michael A.H. Schoenberg
FARRELL FRITZ, P.C.
1320 RexCorp Plaza
Uniondale, New York 11556-1320
(516) 227-0700
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CA, INC.,                                                              :
                                                                       :  07-Civ.-9799 (LTS)(KNF)
                              Plaintiff,                               :
                                                                       :
     -against-                                                         :
                                                                       :
AMX INTERNATIONAL, INC.,                                               :
                                                                       :
                              Defendant.                               :
-----------------------------------------------------------------------x

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT

Pursuant to Local Rule 56.1(b), CA[1] hereby responds to AMX's Statement of Undisputed Material Facts dated July 24, 2008 (the "Statement").

    1.    Uncontested.

    2.    Uncontested.

    3.    Uncontested.

    4.    Uncontested.

    5.    Uncontested.

    6.    Uncontested.

---

[1] Capitalized terms used, but not otherwise defined, herein shall take the meaning ascribed to them in CA's opening Memorandum of Law in support of its motion for partial summary judgment filed with the Court on July 11, 2008. *See* Docket Index ("DI"), No. 22.

7.   Contested. While AMX has acknowledged that it used "some or all" of the Permitted after the Final Surrender Date, *see* McEntee Decl. Ex. "A" ("Complaint"), ¶ 17 ("In breach of the Negotiated Settlement Agreement, AMX refused to return the Permitted Products to CA by June 1, 2006, and continued to use some or all of the products without CA's permission and without payment to CA.") *and* McEntee Decl. Ex. "A" ("Answer"), ¶ 17 (admitting the allegations in paragraph 17 of the Complaint), CA does not know which of the Permitted Products AMX continued to use after the Final Surrender Date.

8.   Contested. Under the Negotiated Settlement Agreement, AMX had the option to extend the Final Surrender Date to September 1, 2006 provided it paid to CA the sum of $25,000 on or before May 15, 2006. S*ee* McEntee Decl. Ex. "C" ("Negotiated Settlement Agreement"), ¶ 4.c). It was only on April 16, 2007, after repeated demands by CA that AMX discontinue its use of the Permitted Products, that AMX made the Extension Payment to CA. *See* Complaint, ¶ 18; Answer, ¶ 18.

9.   Contested. While AMX has acknowledged that it used "some or all" of the Permitted after the Final Surrender Date, *see* Complaint, ¶ 17 ("In breach of the Negotiated Settlement Agreement, AMX refused to return the Permitted Products to CA by June 1, 2006, and continued to use some or all of the products without CA's permission and without payment to CA.") *and* Answer, ¶ 17 (admitting the allegations in paragraph 17 of the Complaint), CA does not know which of the Permitted Products AMX continued to use after the Final Surrender Date.

10.   Uncontested.

11.   Contested. CA moved to enjoin AMX from continuing to use the Permitted Products in violation of the Negotiated Settlement Agreement. *See* Complaint, ¶ 20; Answer ¶

20. CA's motion was not based on AMX's failure to pay for its continued unauthorized use of the Permitted Products.

12. Contested. By Decision and Order dated September 19, 2007 (the "Injunction Order"), the Hon. Loretta Taylor Swain found that AMX breached the Negotiated Settlement Agreement, not by "misusing" the Permitted Products, but by continuing to use the Permitted Products after the Final Surrender Date. *See* Complaint, ¶ 21; Answer ¶ 21. Judge Swain accordingly granted CA an injunction, providing as follows:

> Defendant AMX shall be barred from all use of the "Permitted Products" (as defined by Paragraph 4.c of the Settlement Agreement) within fifteen (15) days of entry of this order, and Defendant AMX shall delete all copies of the Permitted Products from all computer libraries and storage devices within fifteen (15) days of the entry of this order.

See Injunction Order (McEntee Decl., Ex. "E"), p. 6.

13. Contested. While CA acknowledges that AMX filed a certification in the Enforcement Action stating it was no longer using the Permitted Products as of October 2, 2007 (*see* McEntee Decl., Ex. "F;" *see also* Complaint, ¶ 22; Answer ¶ 22), there is no proof that it actually did so. Indeed, AMX has admitted it failed to return any of the Permitted Products to CA. *See* Complaint, ¶ 22; Answer, ¶ 22. However, because CA only seeks in this action to recover damages for AMX's unauthorized retention and use of the Permitted Products through October 2, 2007, the issue of whether AMX complied with the Order is not material to the motion.

14. Contested. In its First Claim for Relief in this action CA seeks compensatory damages for AMX's unauthorized use of the Permitted Products during the Unauthorized Use Period. *See* Complaint, ¶¶ 1, 23-29.

15. Contested. CA does not allege that AMX "misused" the Permitted Products, but rather that its retention and use of the Permitted Products during the Unauthorized Use Period was unauthorized and in breach of the Negotiated Settlement Agreement. *See* Complaint, ¶¶ 1, 23-29. However, CA acknowledges that the central issue in this action is AMX's breach of paragraph 4.c of the Negotiated Settlement Agreement by its unauthorized retention and use of the Permitted Products during the Unauthorized Use Period, and CA's entitlement to compensatory damages as a result of AMX's breach. *See* Complaint, ¶¶ 1, 23-29; *see also* Negotiated Settlement Agreement, ¶¶ 4.c and 6.

16. Uncontested.

17. Uncontested.

18. Uncontested.

19. Contested. However, this statement is not a material fact for purposes of this motion. The central issue in this litigation is AMX's breach of paragraph 4.c of the Negotiated Settlement Agreement by its unauthorized retention and use of the Permitted Products during the Unauthorized Use Period, and CA's entitlement to compensatory damages as a result of AMX's breach. *See* Complaint, ¶¶ 1, 23-29; *see also* Negotiated Settlement Agreement, Ex. "C," ¶¶ 4.c and 6. The Surrendered Products and AMX's purported compliance with paragraph 4.b of the Negotiated Settlement Agreement are not at issue in this litigation.

20. Uncontested.

21. Contested. However, this statement is not a material fact for purposes of this motion. The central issue in this litigation is AMX's breach of paragraph 4.c of the Negotiated Settlement Agreement by its unauthorized retention and use of the Permitted Products during the Unauthorized Use Period, and CA's entitlement to compensatory damages as a result of AMX's

breach. *See* Complaint, ¶¶ 1, 23-29; *see also* Negotiated Settlement Agreement, ¶¶ 4.c and 6. The Surrendered Products are not at issue in this litigation.

22. Uncontested.

23. Uncontested.

24. Contested. The Negotiated Settlement Agreement does not limit CA's remedies in the event AMX retained the Permitted Products in breach of the Negotiated Settlement Agreement. *See* Negotiated Settlement Agreement. Rather, paragraph 6 of the Negotiated Settlement Agreement merely provides a mandate for AMX's "return of the Permitted Products" at the conclusion of the Authorized Use Period and a mechanism for the enforcement of that mandate through a permanent injunction. *See id.*, ¶ 6.

25. Contested. The Negotiated Settlement Agreement does not limit CA's remedies in the event AMX retained the Permitted Products in breach of the Negotiated Settlement Agreement. *See, generally*, Negotiated Settlement Agreement. Rather, paragraph 6 of the Negotiated Settlement Agreement merely provides a mandate for AMX's "return of the Permitted Products" at the conclusion of the Authorized Use Period and a mechanism for the enforcement of that mandate through a permanent injunction. *See id.*, ¶ 6.

26. Contested. CA acknowledges that the parties are bound by the terms of the Negotiated Settlement Agreement, and respectfully refers the Court to the Negotiated Settlement Agreement for a complete and accurate statement of its contents.

27. Contested. This statement is inaccurate. Paragraph 10 of the Negotiated Settlement Agreement states, in relevant part, that it "can be modified only by a written document signed by Plaintiff and by Defendant (or their legally designated representatives), which recites the specific intent to modify this Agreement.

28. Uncontested.

29. Contested. This statement is not a statement of material fact for purposes of this motion, but rather an argumentative opinion and legal conclusion containing a prayer for relief.

Dated: Uniondale, New York
      August 4, 2008

Respectfully submitted,

FARRELL FRITZ, P.C.

By: _____
    John P. McEntee
    Michael A.H. Schoenberg
    *Attorneys for Plaintiff*
    1320 RexCorp Plaza
    Uniondale, New York 11556-0120
    (516) 227-0700

FFDOCS1\818396.04