UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CA, INC.,                                        :
                                                 :   07-Civ.-9799 (LTS)(KNF)
                          Plaintiff,             :
                                                 :
        -against-                                :
                                                 :
AMX INTERNATIONAL, INC.,                         :
                                                 :
                          Defendant.             :
-------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN
OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

FARRELL FRITZ, P.C.
*Attorneys for Plaintiff*
1320 RexCorp Plaza
Uniondale, New York  11556-0120
(516) 227-0700

Of Counsel:

    John P. McEntee
    Michael A.H. Schoenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
CA, INC.,                                          :
                                                   :
                          Plaintiff,               :     07-Civ.-9799 (LTS)(KNF)
                                                   :
          -against-                                :
                                                   :
AMX INTERNATIONAL, INC.,                            :
                                                   :
                          Defendant.               :
----------------------------------------------------------------------x

     Plaintiff CA, Inc. ("CA") respectfully submits this Reply Memorandum of Law in further support of its motion ("Motion") for partial summary judgment, pursuant to Rule 56(d)(2) of the Federal Rules of Civil Procedure, on the issue of liability on its First Cause of Action for breach of contract against defendant AMX International, Inc. ("AMX"), and in opposition to AMX's cross-motion ("Cross-Motion") for summary judgment.

## PRELIMINARY STATEMENT

     It is undisputed that AMX retained and used the Permitted Products[1] for thirteen months in violation of the Negotiated Settlement Agreement and without compensation to CA. Indeed, AMX concedes these central and material facts in both its Answer to CA's Complaint (*see* Complaint, ¶¶ 24-26; Answer ¶¶ 24-27 (admitting that AMX's retention and use of the Permitted Products was a breach of the Negotiated Settlement Agreement)) and its opposition to CA's Motion. *See* AMX's Statement of Undisputed Facts ("56.1 Statement"), ¶ 9 (admitting that "AMX used a small number of the Permitted Products during September 1, 2006 through October 2, 2007"); *see also* Affidavit of Jay Price, sworn to July 23, 2008 ("Price Aff."), ¶ 6.

---

[1] Capitalized terms used, but not otherwise defined, herein shall take the meaning ascribed to them in CA's opening Memorandum of Law in support of its motion for partial summary judgment filed with the Court on July 11, 2008 ("Memo. in Supp."). *See* Docket Index ("DI"), No. 22.

Despite this, AMX asks the Court not only to deny CA's Motion, but also for an order granting it summary judgment dismissing the Complaint. In sum, AMX asks this Court to condone AMX's unauthorized and, to this date, free use of the Permitted Products for more than one year. AMX's arguments are, simply put, frivolous.

*First*, AMX argues that paragraph 6 of the Negotiated Settlement Agreement does not allow CA to recover money damages for AMX's unauthorized use of the Permitted Products during the Unauthorized Use Period. *See* AMX Memorandum of Law dated July 24, 2008[2] ("Memo. in Opp."), p. 3. This argument ignores the fact that there is nothing in the Negotiated Settlement Agreement that limits CA's remedies.

*Second*, AMX argues that CA's Complaint is barred under the election of remedies doctrine. *See* Memo. in Opp., p. 4. Once again, AMX's argument is misplaced. CA has not taken inconsistent views of the Negotiated Settlement Agreement in the two actions. Rather, in both this action and the Enforcement Action CA has consistently sought to enforce the terms of the agreement and recover what rightfully belongs to it. The election of remedies doctrine is therefore inapplicable.

*Third,* AMX argues that, under the doctrine of *res judicata*, the Court's Order dated September 19, 2007 granting CA injunctive relief against AMX in the Enforcement Action ("Injunction Order" [McEntee Decl., Ex. "E"]) precludes this action to recover money damages. *See* Memo. in Opp., p. 7. This argument fails because (a) the issue of CA's monetary damages for AMX's unauthorized retention and use of the Permitted Products was not before or adjudicated by the Court in the Enforcement Action, and (b) the Injunction Order was merely collateral to the Enforcement Action, and not based on an underlying claim in a pleading.

---

[2] DI, No. 26.

In sum, and as shown below, there are no issues of material fact left to be decided concerning AMX's breach of the Negotiated Settlement Agreement. AMX's arguments to the contrary are moreover meritless. Accordingly, the Motion should be granted and the Cross-Motion should be denied.

## ARGUMENT

### Point I

### THE NEGOTIATED SETTLEMENT AGREEMENT DOES NOT LIMIT CA'S REMEDIES AGAINST AMX FOR AMX'S UNAUTHORIZED USE OF THE PERMITTED PRODUCTS

Paragraph 6 of the Negotiated Settlement Agreement provides, in relevant part, that:

> [CA] is entitled, in the event that [AMX] defaults in its obligations under paragraph 4.c of this Agreement, after three days notice to [AMX] of its default, to the immediate return of the Permitted Products and to the entry of a permanent injunction that bars [AMX] from all use of the Permitted Products and directs it to delete all copies o the Permitted Products from all computer libraries and storage devices

Negotiated Settlement Agreement (McEntee Decl., Ex. "C"), ¶ 6; *see also id.*, ¶ 4.c (discussing AMX's authorized use of the Permitted Products). AMX argues that the absence of a specific provision for money damages in this paragraph precludes CA's entitlement to such damages. *See* Memo. in Opp., p. 4. This argument has no merit.

Paragraph 6, by its express terms, does not limit in any way CA's remedies against AMX for a breach of paragraph 4.c of the Negotiated Settlement Agreement, as it does not state that CA's *only remedy* is injunctive relief. A contract provision providing for a particular remedy does not mean that the parties may only seek that remedy, absent contractual language providing otherwise. *See 139 Fifth Ave. Corp. v. Giallelis*, 1997 U.S. Dist. LEXIS 7327, *6-9 (S.D.N.Y. May 27, 1997); *see also Deutsche Lufthansa AG v. Boeing Co.*, 2006 U.S. Dist. LEXIS 79337,

*11-12 (S.D.N.Y. Oct. 30, 2006) (finding that contracting parties can agree to limit available remedies for a breach, so long as the limitation is specified in their contract). Here, the Negotiated Settlement Agreement does not limit CA's available remedies, and the Court should not read one into the parties' agreement. *See R/S Assoc. v. New York Job Develop. Auth.*, 98 N.Y.2d 29, 32 (2002) (stating it is the "sound rule in the construction of contracts, that where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language" [citations omitted]).

Moreover, AMX's interpretation is both illogical and contrary to the parties' intent in executing the Negotiated Settlement Agreement, as Paragraph 6 merely provides a mandate for AMX's "return of the Permitted Products" at the conclusion of the Authorized Use Period, and a mechanism for the enforcement of that mandate through a permanent injunction. *See* Negotiated Settlement Agreement, ¶ 6. The purpose of this provision was to prevent AMX's continued unauthorized use of the Permitted Products after those products were to have been returned to CA. It was not to allow AMX to avoid paying compensation to CA in the event AMX chose to deliberately breach the Negotiated Settlement Agreement.

**Point II**

**THE ELECTION OF REMEDIES DOCTRINE IS INAPPLICABLE**

AMX next argues that the election of remedies doctrine precludes CA from asserting its claim for money damages against AMX because CA "chose its remedy" of injunctive relief in the Enforcement Action. *See* Memo in Opp., p. 6-7. This argument is frivolous.

"The New York [common-law] doctrine of election of remedies provides that upon learning of a breach, a party must choose between terminating the contract and continuing performance. If a party chooses to continue performance, it must give notice of breach to the

4

other side, or it waives its rights to sue the breaching party." *Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 575, 620 (S.D.N.Y 2004) (citations omitted).

Under the election of remedies doctrine, "a party must elect between two remedies only when the remedies available to a party are inconsistent or mutually exclusive." *Siderpali, S.P.A. v. Judal Indus., Inc.*, 833 F. Supp. 1023, 1032 (S.D.N.Y. 1993); *see also Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 238 (S.D.N.Y. 2006). For example, in a breach of contract action, a party may not sue for damages or specific performance under a contract while maintaining a cause of action for rescission of the same contract. *See, e.g., BGW Develop. Corp. v. Mount Kisco Lodge No. 1552 of Benev. and Protective Order of Elks*, 247 A.D.2d 565 (2d Dept. 1998) (dismissing cause of action for rescission of contract where party sought money damages for breach of same contract); *see also Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 768 F. Supp. 115, 117 (S.D.N.Y. 1991) (stating rule that plaintiff cannot recover damages for fraud and also win rescission pursuant to the election of remedies rule because "an award of damages for fraud affirms the contract" while "rescission vitiates the contract and places the parties in status quo prior to the transaction.").

Here, there is nothing inconsistent between CA's decision to pursue its contractual right for injunctive relief to stop the continued unauthorized use of the Permitted Products, and its later decision to enforce its concomitant right to compensatory damages for that unauthorized use.[3] *See, e.g., 139 Fifth Ave. Corp.*, 1997 U.S. Dist. LEXIS 7327, * 10-11 (finding that the election of remedies doctrine did not bar separate claims for liquidated and actual damages for

---

[3] To the extent AMX argues the Enforcement Action itself was an election of CA's remedies barring this action for compensatory damages, AMX's argument is equally flawed. The Enforcement Action was brought to enforce two software licensing agreements with AMX and was settled on or about July 11, 2005 pursuant to the Negotiated Settlement Agreement. *See* McEntee Decl., Ex. "C." The instant action was commenced on November 5, 2007 to recover CA's damages sustained as a result of AMX's breach of that Negotiated Settlement Agreement. *See* Complaint, ¶ 1. Thus, it would have been impossible for CA to assert a claim for AMX's breach of the Negotiated Settlement Agreement in the Enforcement Action because the Negotiated Settlement did not exist until the Enforcement Action was concluded.

breach of a single contract where the contract only provided for liquidated damages); *In re Rukavina*, 227 B.R. 234, 240 (Bankr. S.D.N.Y. 1998) (finding that petitioner's application to enjoin the prosecution of related actions was not an election of remedies). In both actions, CA is affirming the validity of, and enforcing, the Negotiated Settlement Agreement.

For this reason, *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231 (S.D.N.Y. 2006), the only case cited by AMX in support of its untenable position (*see* Memo. in Opp., p. 5-7), is distinguishable. In *Sofi,* the Court found that a breach of contract claim was barred by the election of remedies doctrine because plaintiffs' *affirmance* of a settlement agreement in its suit against certain corporate defendants precluded a subsequent action premised on plaintiffs' *disaffirmance* of the same agreement. *See* 444 F. Supp. 2d 231, 237-38. Here, by contrast, CA affirmed the Negotiated Settlement Agreement in both the Enforcement Action and in this action.

The election of remedies doctrine moreover only applies where there is a choice of remedies at the time the prior action is undertaken. *See Gameways, Inc. v. Department of Consumer Affairs*, 101 A.D.2d 888 (2d Dept. 1984). Here, CA did not have a cause of action for breach of the Negotiated Settlement Agreement at the time the Enforcement Action was commenced, because that agreement was created to terminate the action. Also, when CA moved for injunctive relief, AMX had not yet returned the Permitted Products to CA. *See* Complaint, ¶ 22; Answer, ¶ 22. Thus, at the time of the motion, CA could not yet determine the full extent of its monetary damages because the amount continued to accrue while AMX retained possession of the Permitted Products. It was not until AMX certified in October 2007 that it was not longer using the Permitted Products (*see* McEntee Decl., Ex. "F"), pursuant to the September 19th

Order, that CA could proceed on its action for breach of the agreement stemming from AMX's unauthorized retention and use of the permitted Products for the full 13 months.

Finally, CA's prior motion merely sought an order compelling AMX's compliance with the Negotiated Settlement Agreement. It was not a plenary pleading, unlike the complaint in the instant action, and thus the motion for injunctive relief was not an election of CA's remedies. *See In re Rukavina*, 227 B.R. at 240 (finding that a request for injunctive relief was not an election of remedies); *see also Stark v. Molod Spitz DeSantis & Stark, P.C.*, 9 N.Y.3d 59, 2007 N.Y. Slip. Op. 7740, *7 (2007) (no election of remedies where plaintiff moves in court for injunctive relief while seeking to compel arbitration) (citing *Preiss/Breismeister Architects v. Westin Hotel Company-Plaza Hotel Div.*, 56 N.Y.2d 787, 789 (1982)).

In sum, the election of remedies doctrine does not bar CA's action for compensatory damages.

## Point III

### CA'S COMPLAINT IS NOT BARRED UNDER THE DOCTRINE OF *RES JUDICATA*

AMX lastly argues that the Injunction Order bars CA's claim for compensatory damages in this action under the doctrine of *res judicata*. *See Memo. in Opp.*, p. 7-10. This argument has no merit.

As discussed in CA's opening Memorandum of Law, the Injunction Order conclusively resolved the issue of whether AMX breached the Negotiated Settlement Agreement by retaining and using the Permitted Products after September 1, 2006. *See* Memo. in Supp., Point I; *see also id.*, Point II (discussing AMX's admission of its liability in its Answer to the Complaint). Indeed, the Injunction Order granting the injunctive relief was necessarily premised on a finding that AMX breached the Negotiated Settlement Agreement. *See id.*, p. 6-7; *see also* Order, p. 6.

Thus, the Order collaterally estopps AMX from now denying its breach of the agreement. *See Metromedia Co. v. Fugazy*, 983 F.2d 350, 365 (2d Cir. 1992), *cert. denied*, 508 U.S. 952 (1993) (stating that collateral estoppel "bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding if that party had a full and fair opportunity to litigate the issue in the prior proceeding . . .").

AMX, however, now seeks to expand the Order beyond mere issue preclusion, and into full claim preclusion under the doctrine of *res judicata*. Notably, AMX cites no authority for its argument that a damages cause of action is precluded by a prior request for injunctive relief.

The doctrine of *res judicata* is "invoked when parties seek to relitigate entire causes of action between them and applies to matters which were actually litigated or could have been litigated in the earlier action." 73A N.Y. Jur. 2d, Judgments § 328 (citing *American Ins. Co., v. Messinger*, 43 N.Y.2d 184 (1977)); *see also Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (stating the elements necessary for *res judicata* effect). Under New York law, if the two suits do not involve the same claim, demand, and cause of action, *res judicata* effect will not ordinarily be given to the prior judgment. *See, e.g.,* Cary v. Fisher, 149 A.D.2d 890 (3d Dept. 1989); *Van Dussen-Storto Motor Inn, Inc. v. Rochester Telephone Corp.*, 63 A.D.2d 244 (4th Dept. 1978).

Here, the claims in this action are different from the claims in the Enforcement Action. CA commenced the Enforcement Action to recover damages for AMX's breach of certain computer software licensing agreements, which are not at issue in this action. Indeed, the Negotiated Settlement Agreement terminated all of the claims in the Enforcement Action, and became a distinct enforceable contract binding on the parties. *See* Negotiated Settlement Agreement, ¶ 2 (including a mutual waiver and general release of claims); *see also Skogsberg*

8

*Constr. Co. v. Hawthorne Industrial Park, Inc.*, 94 A.D.2d 766, 766-67 (2d Dept. 1983) (finding that the trial court erred in ordering a trial *de novo* on settled claims); *Langlois v. Lanlois*, 5 A.D.2d 75, 77 (3d Dept. 1957) (finding that a "superseding agreement" extinguishes all prior promises to pay and becomes its own enforceable agreement).

In this action, by contrast, CA is seeking compensatory damages for AMX's unauthorized use of the Permitted Products in breach of the Negotiated Settlement Agreement. *See* Complaint, ¶ 1.  The issue of CA's monetary damages for breach of that agreement was neither before, nor adjudicated by, the Court in the Enforcement Action.  Because the claims asserted in the Enforcement Action, and CA's later application for injunctive relief, were not "alternative theories" to recover "what is essentially the same relief" as that asserted in this action -- damages for a breach of the Negotiated Settlement Agreement (*see O'Brien v. City of Syracuse*, 54 N.Y.2d 353 (1981); *see also Tucci v. Ambach* 110 A.D.2d 1014 (3d Dept. 1985) (holding that a determination of a prior proceeding challenging the validity of an administrative decision did not estopp by *res judicata* a subsequent review of that decision on different grounds)), neither the Enforcement Action itself, nor the Injunction Order, bar CA's current action for damages.  *See Seedman v. Friedman*, 132 F.2d 290, 296 (2d Cir. 1942) (finding no *res judicata* effect where the issue was not previously addressed by the Court).

Moreover, when a judgment has been entered, "it does not operate as *res judicata* to a subsequent action where the nature or object of the second action is distinct from that in the prior action in which the judgment was rendered."  73A N.Y. Jur. 2d, Judgments § 332 (citing *Energycresent, Inc. v. Creative Modules Entr., Inc.*, 183 A.D.2d 804 (2d Dept. 1992)); *see also Seedman v. Friedman*, 132 F.2d 290, 297 (2d Cir. 1942); *McLaurin v. Hager Realty Corp.*, 33 A.D.2d 550 (1st Dept. 1969).  In *McLaurin*, for example, the dismissal of an action for specific

performance by the plaintiff did not constitute *res judicata* as to any right of the plaintiff to commence a second action to recover the down payment under the same contract. *See* 33 A.D.2d at 550.

Finally, AMX's reliance on the Injunction Order for preclusive effect is misplaced, as the "doctrine of res judicata does not strictly apply to orders made on motions relating to procedural matters or *questions collateral to the main issue in an action or proceeding*." *Id.*, § 435 (emphasis added); *see also American Equitable Corp. v. Park Hill*, 252 A.D.2d 260 (3d Dept. 1937). Here, CA commenced the Enforcement Action to recover damages for AMX's breach of certain computer software licensing agreements. The parties ultimately settled that action through the Negotiated Settlement Agreement. *See* McEntee Decl., Ex. "C." CA's subsequent motion for injunctive relief was merely collateral to the Enforcement Action. Thus, the doctrine of *res judicata* does not apply to the resulting Injunction Order granting CA's application in the Enforcement Action.

In sum, AMX's Cross-Motion for summary judgment dismissing the Complaint based upon *res judicata* should be denied.

## CONCLUSION

For the foregoing reasons, CA respectfully requests that its Motion for partial summary judgment on liability on its First Cause of Action against AMX for breach of the Negotiated Settlement Agreement be granted, and that AMX's Cross-Motion for summary judgment be denied.

Respectfully submitted,

FARRELL FRITZ, P.C.

By: _____
John P. McEntee
Michael A.H. Schoenberg
*Attorneys for Plaintiff*
1320 RexCorp Plaza
Uniondale, New York 11556-0120
(516) 227-0700

FFDOCS1\817014.01